Draee, Oh. J.,
delivered the opinion of the court:
The fifth .rule of this court, as heretofore existing, required that a plea of limitation should be filed within sixty days after the filing of the petition.
In this case the petition was filed November 22,1872, and the of limitation August 24, 1874.
*123 The claimant mores to strike tbe plea from tbe flies, because it was not flletl witbin tbe time prescribed by tbe rule.
Tbe motion must be overruled, but on grounds entirely disconnected with tbe rule.
When tbe petition was filed, it was provided by section 10 of tbe Act March 3,1863 (12 Stat. L., 765) u that every claim against tbe United States, cognizable by tbe Court of Claims, shall be forever barred unless tbe petition setting forth a statement of tbe claim be filed in tbe court, or transmitted to it under tbe provisions of this act, witbin sis years after tbe claim first accrues: Provided, * * * That tbe claims of married women first accrued during marriage, of persons under tbe age of twenty-one years first accruing during minority, and of idiots, lunatics, insane persons, and persons beyond seas at tbe time tbe claim accrued, entitled to tbe claim, shall not be barred if tbe petition be filed in tbe court, or transmitted, as aforesaid, within three 3'ears after tbe disability has ceased; but no other ’disability than those enumerated shall prevent any claim from being barred, nor shall any of tbe said disabilities operate cumulatively.”
This provision is embodied in section 1069 of tbe Revised Statutes.
Tbe consideration of tbe pending motion lias brought before us tbe question whether, under that provision, it is necessary for the Government to plead tbe bar there prescribed in order to avail itself of it; and we are all of tbe opinion that it is not.
There is a great difference between tbe terms of this act and those of any other statute of limitations that we have found.
We are not aware of any such statute that declares a demand barred if not sued on witbin tbe prescribed time; but tbe prescription always applies solely to tbe right of action thereon.
The plea of tbe statute in a suit between individuals is a personal privilege, of which tbe defendant may or may not avail himself, as be pleases. If be does not interpose it,' be is deemed to waive it; and no court will set it up for Mm, no matter bow plainly it appears on tbe face of tbe declaration or petition that tbe action is barred; for it is bis duty to inform tbe court that be demands tbe protection of tbe statute, and to give notice thereof also to tbe plaintiff, who might be witbin some of tbe exceptions mentioned in tbe statute, and should have opportunity to set up that fact in replication.
*124 But tbe parties to a suit in tbis court have a very diíférent relation to each other from that of individuals in other courts. This court is established to enable claimants to prosecute claims against the United States, which they could not do except by the permission of the government, given by law. And when they come here in pursuance of that permission, they come subject, of course, to all the statutory terms prescribed by the law-making department of the government, and there is no power in this court to admit them here as suitors on any other terms, nor to go beyond the line of jurisdiction laid down for it by the law, nor to remove or disregard any barrier which the legislature has erected, nor to interpose any that that body has not prescribed. And the legislative voice must be held to be always speaking through the laws, without dependence upon any government officer’s action in any suit; and it is the duty of this court always to know what that voice is, and to obey and enforce it, whether invoked thereto bjr an3 such officer or not.
When, therefore, the law declares that “ a claim shall beforever barred unless the petition setting forth a statement of the claim be filed in the court within six years after the claim first accrues,” it is in effect a standing and ever-present plea of limitation, which the court is bound to take cognizance of in every case, without regard to whether the law officer of the government in charge of cases here has or has not filed a written plea setting up the limitation, and to give it practical effect by inquiring, ex mero motu, whether, on the face of the petition or by the evidence, it appears that the period limited by the law had expired before the petition was filed, and where it had expired to dismiss the suit, unless the claimant avers and proves the existence of some legally-recognized disability whjch prevented his resort to this comt within the prescribed time.
If the petition in any case shows on its face that the claim first accrued more than six years before the petition was filed, it is a fatal obstacle to any relief here, unless the petition go on to set forth a disability.
If, as in the present case, the petition do not show when the claim first accrued, the court must wait till the evidence discloses the fact and then act.
It follows from these views that the defendants were entitled to set up in defense the limitation; and as they chose to file a plea to that effect, the plea is entitled to remain on file.
The motion to strike it out is therefore overruled.