Nott, J.,
delivered the opinion of the court:
The court is satisfied that tbe services rendered by tbe claimant in this case were substantially identical with those which bad been rendered by other naval officers in the cases of Symonds (120 U. S. R., p. 46) and Strong (125 id., 656); and consequently that those decisions are conclusive as to tbe claimant’s right to recover upon tbe merits.
An objection is raised by the counsel for the defendants to a consideration of tbe case upon the merits, which objection is based upon the following facts:
Tbe case had been pending for a long time, awaiting tbe decision of the Supreme Court in other cases involving the same question of law. In January, 1895, a motion was made *274 by tbe defendants to place tin's, witb a number of others, on tbe calendar as a neglected case under Buie 74. It was not intended by tbe Assistant Attorney-ixeneral to dismiss cases which were awaiting some authoritative decision in the Supreme Court, but it was not understood by him that this was such a case. If it had been so understood the motion to dismiss would not have been pressed. Not being opposed on the part of the claimant, the motion was allowed by default shortly before the end of the term. It subsequently appeared that the attorney of record was ignorant of the fact that the defendants’ motion had been made and that the case had been dismissed for nonprosecution, and that he remained in such ignorance until after the expiration of the term. Upon learning the fact of dismissal, he promptly moved to set aside and reinstate the case. The motion was granted without argument. The defendants now set up the judgment of dismissal as one which renders the case res judicata.
The leading case in this court on questions of res judicata is that of Spicer (5 C. Cls. R., 34). It is authoritative upon the question presented, and holds that in.this court, as in all others, a judgment does not bar a second suit unless the decision was upon the merits. Judgments of nonpros and nonsuit never constitute an estoppel. The plaintiff pays costs and brings a second action. The one simply establishes the fact that he did not prosecute his suit, and the other that his proof was not sufficient to maintain it. The only penalty incurred in such cases is that he must pay costs incurred before vexing the defendant by a second suit.
The question, however, remains whether the court had jurisdiction to open the default in this case after the expiration of the term. The point has never been absolutely decided, but the opinion has been many times expressed that a court does not lose jurisdiction with the expiration of the term unless the judgment rendered was in the true sense of the term a final judgment. The cases are collected in the brief which the claimant has filed in support of his motion. In this court no costs are recovered, and the Government in such cases gains nothing by retaining the default and compelling a claimant to bring a second action, unless it be the interposition of the statute of limitations, and that is a defense which should not be favored where a party has in fact brought his suit in'due *275 time. The court is therefore of the opinion that this case can be considered upon the merits.
The defendants also raise the objection that a portion of the demand is barred by the statute of limitations.
This suit was brought on the 23d of August, 1886. The defendants insist that the statute bars a recovery prior to August 23,1880. The claimant replies that his pay was not due under the statute until the 1st of January, 1881. The statute relied upon is Revised Statutes, section 1556, which is in these words:
“ The commission ed officers and warrant officers on the active list of the N avy of the United States, and the petty officers, seamen, ordinary seamen, firemen, coal heavers, and employees in the Navy shall be entitled to receive annual pay at the rates herein stated after their respective designations.”
It is undeniable that the statute speaks of the pay as annual and so does the statute from which this provision was taken, Act 15th July, 1870 (16 Stat. L., p. 330). But it is a matter of common knowledge that the officers of the Army and Navy have never been paid annually, and that in the case of death, resignation, or dismissal an officer’s pay runs to the day when he leaves the service. Judgments have been rendered in this court again and again upon that construction of the law, and to hold to the contrary now would be to introduce no end of confusion in the adjustment of officers’ accounts. Such a statute must be interpreted in connection with established usage and the construction of the law by the Executive Departments. The undoubted intent of this statute, and of those which preceded it, was not to disturb the usage and regulations of the Navy Department, but to prescribe a rate of pay.
The judgment of the court is that the claimant recover for a period of one year four months and fifteen days, at $400 per annum, amounting to $549.33.