Peelle, J.,
delivered the opinion of the court:
Judgment was rendered in this case February 17, 1897, for $211.57.
Thereafter and during the same term of court, to wit, August 17,1897, and before the judgment was paid, the claimant filed in the clerk’s office the following stipulation:
“ It is hereby stipulated and agreed that the acceptance of the amount allowed by judgment of the Court of Claims in the *343 above entitled cause for $211.57, entered on the l7tb day of February, 1897, shall be without prejudice to the motion by claimant for an additional allowance.
“ George A. King,
“ Charles & Vm, B. King,

“Attorneys for Claimant.

“L. A. Pradt,

“Assistant Attorney-General.”

At the same time the claimant filed the following motion:
“ Comes now the claimant, by his attorneys, and moves that the judgment heretofore entered in this case be set aside and .a new trial granted, it being the intention of the claimant to show by newly discovered evidence that he is entitled to a judgment for $305.69, instead of the judgment of $211.57, as now entered.
“George A. King,
“Charles & Wm. B. King,
‘ ‘A ttorneys for Claimant.”
Thereafter and before the motion so filed was presented to the court or any action had thereon the judgment so rendered was fully paid and satisfied.
The question arises, therefore, has the court jurisdiction to entertain the motion.
Revised Statutes, section 1092, provides:
“The payment of the amount due by any judgment of the Court of Claims and of any interest thereon allowed by law, as hereinbefore provided, shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.”
In the construction of that section in the Bussell Case (15 C. Gis. R., 168,174), wherein a motion had been made to correct the judgment after the same had been paid, the court said:
“ His receiving that payment was not only a full discharge of the United States, but also a release of all errors in the judgment. As between him and the defendants there is nothing remaining; it is all dead, and no mere motion by either party can resuscitate it in the least degree.”
In the Michot Case (31 O. Cls. R., 299-304), wherein a motion was made to correct the judgment in respect of the amount, and while the motion was pending the judgment was paid, the court said:
“ The judgment being discharged there is nothing to correct. The judgment as between the parties is dead; the claimant, *344 by accepting payment thereof, waived his motion and thereby released the errors he had previously sought to correct.”
In the case of United States v. JPrerichs (1134 U. S. R., 315, 320), affirming the judgment of this court (21 C. Cls. R.; 16), in speaking of the effect of the payment of the judgment under Revised Statutes (section 1092), said:
“ The payment of the amount of the judgment would ipso facto satisfy the demand of Frerichs against the United States.”
The claimant, however, contends that the statute and authorities cited do not apply by reason of the stipulation set forth, whereby it was “ agreed that the acceptance of the amount allowed by the judgment * * * shall be without prejudice to the motion by claimant for an additional allowance.”
But to so hold would defeat the purpose of the statute, which is “ that the payment of any. judgment of the Court of Claims * , * * shall be a full discharge to the United States of all claim and demand touching any of the matters involved in the controversy.”
True, the court in the exercise of its discretion may accept or reject a stipulation of counsel in respect of the disposition to be made of a pending cause when not in contravention of a statute, but where the payment of the judgment, as in the case at bar, operates as a “full discharge to the United States of all claim and demand touching any of the matters involved in the controversy,” the cause has ceased to be a pending one, and can not be resuscitated by motion of either party, and hence the court’s discretion in respect of the stipulation is at an end. To hold otherwise would in effect be to read into the statute an exception based on the stipulation and thereby nullify its purpose.
The claimant cites the case of John H. Abbott, No. 17039, A, as authority for the motion in this case. But in that case the stipulation was entered into before the rendition of the judgment and became a part of the record, and had the effect to eliminate from the petition upon which the judgment was rendered the claims for which judgments were subsequently rendered as on new petitions.
The court is without the power to entertain the motion and the same is dismissed.