Howry, Judge,
delivered the opinion, of the court:
Toward the close of the active business of the last term this cause with certain others which had been dismissed under the act of March 3, 1891 26 Stats., 851, providing for the adjudication and payment of claims growing out of the depredations of Indians, was sought to be reinstated after the lapse of the term. Approximately 3,000 cases had been dismissed, some of them without reserve or qualification, but most of them (as stated in open court at the time of the discontinuances) “ without jirejudice.”
When the reinstatements were attempted and the few cases submitted came to be considered by the court and exceptions to further proceedings were made known, the contention was made by counsel — principally on the authority of the case of Book v. United States 31 C. Cls., 272 — that reinstatements were sought because of the practice of the court. The writer assumed the responsibility of objecting to further consideration because of his understanding (when the discontinuances were entered of record) that the conditions under which the cases had been dismissed implied (1) applications for reinstatement during the term only; (2) because proof appeared to have been taken whilst the cases were not within the control of the court and consequently without the court’s knowledge; (3) because the cases so dismissed had all been reported to Congress as discontinued absolutely, without reservation or qualification; and finally, because it required the act of the court itself to pass upon every application for reinstatement and allow reinstatement before the parties could treat any cause as returned to the court’s jurisdiction and control.
The court deemed the objection meritorious.
In Boole’s case, supra, it was held that non pros and non suit did not constitute estoppel, as such orders were not final because the one established the fact that plaintiff did not prosecute while the other established the proposition that the proof was not sufficient. It was further held that the court under such circumstances did not lose jurisdiction with the expiration of the term.
But Boole’s case, ivith other decisions in occasional cases in this court, made reinstatement a matter of discretion with *97 the court and did not remit to counsel the privilege of exercising that discretion. Parenthetically, it should be stated that there have been comparatively few reinstatements of the dismissed cases.
It was said by Nott, J. (afterwards chief justice), in Boole’s case that the right of reinstatement after the expiration of the term had never been before that time absolutely decided.
The first objection to reinstatement found support in a recent decision of the Supreme Court of the United States. Jennings v. Phila., Balto. & Wash. Ry., 218 U. S. Mr. Justice Lurton, for the court, there said that so grave a matter as the allowance of a bill of exceptions after the close of a term and after the court had lost all judicial power over the record should not rest upon a mere implication from silence; that the proceding was coram non judice because the appellee was not in court or before a court and that the judge and the court had lost all power over the cause, the parties, and the record. That principle seems to apply here and for the same reason, because when the parties undertook to go on with the case and make proof there was no power in the court over the witnesses, or authority of any kind over its officers, in taking testimony.
In Wetmore v. Karrick, 205 U. S., 158, the dismissal of a cause is treated as a “ judgment.” True, the proposition in that case related to a judgment of dismissal based upon a mistake, but Mr. Justice Day, speaking for the court, made mention of that by way of exception to a very old rule by saying that “a judgment of dismissal based upon mistake or inadvertence * * * can be set aside after the term ”— thereby implying that a judgment of dismissal not based upon a mistake or inadvertence could not be set aside after the term had ended. It was expressly said in that case “ that jurisdiction is lost after the lapse of the term at which judgment is rendered ” (reserving the exception noted), because “ by the judgment of dismissal the court lost jurisdiction of the cause and of the person of the defendant.” The “ new judgment” provided for by voluntary appearance or due service of process mentioned in Wetmore v. Karrick refers, of course, to a judgment by means of a new suit.
*98 The analogies of the law make applicable the same principle we have noted that when a cause of action is dismissed the power to hear and determine in the court which had the jurisdiction ends with the term except where a party had been deprived of his right to be heard by fraud, accident, mistake, or inadvertence, and has no remedy. Thus, a writ of error is not “ brought ” until filed in the court rendering the judgment and the period of limitation prescribed by law must be calculated accordingly. The same rule is applicable to appeals, for when an appeal is taken by presentation to the court rendering the decree such presentation puts an end to the jurisdiction. Hence, where the right of appeal has been lost appellant can not reinvest himself with that right by filling the proper petition. Credit Co. v. Arkansas Central Ry., 128 U. S., 258. So, when the time has expired for taking an appeal under the bankruptcy act the right can not be revived by a petition for a rehearing. Conboy v. Bank, 203,U. S., 141. These principles were affirmed in Old Nick Williams Co. v. United States, 215 ib., 541, with .approval of the further remark made in a previous decision that when the time for tailing an appeal has expired it can not be arrested or called back by a simple order of court because the law which limits the time would be a dead letter. An order nunc fro time can not help such a case.
Not only judgments and decrees of a court can not'be set aside, modified, or corrected after cases have passed beyond the court’s control, but “ other final orders of the courts ” can neither be set aside, vacated, modified, nor annulled by the court making such orders. Brooks v. Railroad Co., 102 U. S., 107; Public Schools v. Walker, 9 Wall., 603; Brown v. Aspden, 14 How., 25; Cameron v. McRoberts, 3 Wheat., 591; Sibbald v. United States, 12 Pet., 488; Bronson v. Schulten, 104 U. S., 415.
In Southern Railway Co. v. Miller, 218 U. S., the dismissal of a cause from a court acquiring jurisdiction makes it no longer a case in that court, for the reason, as stated by Mr. Justice Lurton, that the case “is at large.” So much is such a matter at large the party is at liberty to bring a new suit elsewhere in any court of competent juris *99 diction. This necessarily means that the new suit must be instituted within the time prescribed by law. Such a party may ordinarily, of course, bring his new suit in the same court whence it was dismissed provided the bar of the statute has not attached. But from the authorities cited such a party can no more, in the absence of fraud, accident, mistake, or inadvertence, reinstate his case against the period of limitation in the court which once had jurisdiction than he can bring a new action in that court on his former cause of action.
Pending objections to reinstatements it was disclosed to the court by the parties that the cases had been discontinued under agreements between the Assistant Attorney General and attorneys representing claimants, following the rule considered by the parties to have been laid down in Boole’s case, supra.
Some of these agreements were in writing and were for the first time exhibited to the court.
The law officers of the Government united with the attorneys for many claimants in stating that the agreements should be carried out, and it was also stated by one of the active counsel for the Government that the force of the office in charge of the defenses felt honorably bound to carry out the agreements according to the intent and purpose of the parties at the time the agreements were made.
When the nature of the agreements between counsel was made known the court united in believing reinstatements should be made, because it did not seem equitable to any member of the court to see honest claimants misled as they claimed to be under the decision (rendered many years ago), and because the agreement of the Assistant Attorney General constituted an equitable estoppel within the exception to the general rule to ivhich we have adverted.
True, unauthorized acts of a public officer do not generally estop the Government from insisting upon the invalidity of such acts, and estoppels can not be generally invoked under such circumstances. But it was further found by the court that numbers of attorneys for claimants had consented to the discontinuances at the instance of defendants while they themselves were seeking information concerning the where *100 abouts of witnesses under a supposed right to reinstate at any time.
In so far as the claimants by their attorneys consented to dismiss for the benefit and convenience of defendants, the agreements under which the dismissals were had were deemed by the court to be entitled to receive that construction most strongly against the party using the language under the well-known rule stated by Mr. Justice Miller in Garrison v. United States, 7 Wall., 690. The circumstances all considered the court was of opinion that reinstatements might be had upon terms, and in consenting to consider the cases further the action of the court seems amply supported by the exception stated to a general rule. Metcalf v. Williams, 104 U. S., 93.
This exception to the general rule on the subject was clearly stated in Marsh v. Nichols, 128 U. S., 605, as having been recognized in the- decisions of the Supreme Court of the United States “ for nearly a century.” The rule and the exception is cited with approval in Wetmore v. Karrick, supra, by Mr. Justice Day.
Furthermore, the general entry of the dismissal of a suit “ by agreement ” is evidence of an intention not to abandon the claim on which suit is founded, “but to preserve the right to bring a new suit” on such claim whenever it may seem to the parties to b¿ necessary. Jacobs v. Marks, 182 U. S., 583.
While the right to bring a new' suit in any court of competent jurisdiction exists and the same cause of action may ordinarily be brought in the court which has lost control (unless the bar of a statute has intervened) it does not necessarily follow that a case may be dismissed and then reinstated on the dockets of the court so as to evade the bar which has attached. To return to the jurisdiction by revocation of the retraxit, there must be good and sufficient reason for setting aside the discontinuance under the familiar rule that a party who has been misled to his injury or prejudiced by an order discontinuing the cause by inadvertence or who has suffered from causes over which control growing out of agreements of the parties could not be exercised may return by an order of reinstatement.
*101 The limitation in the Indian depredation act is not so much a statute of limitation as it is a fixed statutory jurisdictional period of which a court can and must take notice. A mere statute of limitation does not begin to run during infancy, or during coverture, or while .the party is absent from the country in certain cases, or while a claim is withheld by the Treasury Department until after the six years have elapsed.
With a statement of all the circumstances the court has felt constrained to carry out the agreements for reinstatement of these dismissed cases, inasmuch as no new suit can be instituted here (there being no other forum) because of the jurisdictional bar of the statute; and the parties whose cases have gone off the dockets supposed that reinstatements could be had as witnesses could be found. But the court also felt constrained to put a time limit upon reinstatements, so that there might be an end of litigation under the depredation act.
The court now takes jurisdiction on motions to reinstate in the present case (and a few others) and makes disposition of these few cases, because it appears that pursuant to agreements of the parties testimony has been taken and certified. That when the testimony Avas so taken counsel for the United States were present pursuant to notice, and that the depositions were regularly forwarded by a commissioner of the court, and the evidence so taken with the surrounding circumstances lead the court to believe that no useful purpose will be subserved by having the depositions on file taken anew. In some of the cases, hoAvever, the evidence does not appear sufficiently credible for the court to enter judgment.
As to two of the alleged depredations in the present case the evidence does not establish to the satisfaction of the court the taking of the property as alleged and as to one of the counts in the petition want of amity on the part of the alleged depredators is not established. Claimant concedes the correctness of the court’s conclusion not to permit judgment on these three counts. But as to the third depredation charged the proof and attending circumstances sufficiently establish a loss, and there is no reason to reject the *102 showing made by the parties as to the last-mentioned item except the irregularity in the matter of the taking of testimony. The original grievance was filed in the Indian office and the item now allowed bears the impress of truth. Accordingly judgment will be entered in claimant’s favor on the item which the proof establishes as correct in the sum of $2,890.
There remains the important question involved in the large number of cases which have not yet been reinstated as well as the greater question respecting the practice of the court for the future when cases are dismissed by agreement of the parties and reinstatements are sought after the lapse of the term.
At the time of the order made about the close of the active business of the last term it was claimed that the time fixed by the court was too limited to be of any substantial service to most of the claimants whose cases had been dismissed. This seemed to be true and the court then indicated its disposition to" extend the time to the close of the present term for all cases dismissed under the agreements. No actual order having been made for reinstatements beyond November, we are now to determine what should be done.
Considering the nature and scope of the agreements between the parties, the dismissals “without prejudice,” the want.of personal knowledge on the part of many of the claimants that their cases had been dismissed by consent of some of the counsel representing cases for want of prosecution, and the remote residence of the claimants (most of whom reside west of the Mississippi River), the court is yet of opinion that the suggestion of insufficient time is well taken.
Accordingly, the reinstatement of every case covered by the agreements is now directed as hereinafter set forth. Testimony may be taken in any of them after reinstatement and presented to the court at any time. But with the expiration of the present term every case reinstated will be considered .as dismissed unless testimony shall appear to have been taken before the term closes, or unless it shall reasonably appear from the testimony heretofore taken and filed, or taken and filed during this term, that the cause of action is sustained: *103 Provided, however, That the court may, within its discretion and upon application from the proper parties or their attorneys of record, extend the period of taking such testimony to such reasonable time beyond the term as to the court may seem expedient and just. The application authorized to be presented for the purpose indicated by the terms of this proviso shall be accompanied with affidavits and presented during the current term disclosing the names of witnesses and their post-office addresses, together with the substance of the testimony expected by the parties to be produced. And with the close of the present term an order making final the dismissal of all causes heretofore dismissed not covered by the statements of this opinion will be entered. •
In reinstating all cases covered by the agreements the court can make no discriminations. That is to say, the court can not reinstate those cases only where petitioners are represented by counsel on the ground (at the seat of Government) who are insisting on reinstatements under the agreements and at the same time refuse to reinstate the cases of those petitioners unrepresented at present by counsel. All cases dismissed under and by virtue of the agreements mentioned have equal rights. The order of the court in this behalf must therefore authorize all claimants whose cases have been dismissed under the agreement of the Assistant Attorney General to come in during the present term and have them reinstated.
The reinstatement of cases now ordered is necessary in order to give the court control over the taking of testimony. Every court must have jurisdiction of a cause to.exercise the proper and necessary supervision in so important a matter as the taking of evidence. In the first place it is elemental that against an indictment for perjury an oath taken before a court, or a commissioner of a court having no jurisdiction of the cause, is a matter of defense. This was so at common law and true now. When an oath is administered it must be a lawful oath in some judicial proceeding or due course of justice. (3 Greenleaf on Evid., 169.) Whatever view may be taken as to the consequences of false testimony where that testimony appears to have been taken in a proceeding dismissed from the jurisdiction of a court once exercising that jurisdiction where such statements are *104 subsequently used as evidence witnesses can certainly claim exemption from prosecution for false testimony if at tbe time they deliver such testimony there be no case within the jurisdiction.
In the second place, jurisdiction must exist while evidence is being taken, to the end that commissioners and other officers be within the control of the court and for the making of such orders as may appear necessary from time to time and for the avoidance of contempts and abuses which may spring from the want of power in the court to control the parties to the action.
Fortunately for the Government, the cases reinstated are of no supreme importance because of the death and disappearance of witnesses and the difficulties of obtaining proof and it is not- believed that petitioners generally will care to prosecute. The court has reason to believe that very few reinstatements will avail. The law officers of the Government and the various counsel representing the body of the dismissed cases do not think the number that can go to judgment will exceed 100. But, whatever the number, the plain principles of justice require the court to take the course indicated by this opinion.
Under the rule that the forms of procedure in this court are not so strict as in some jurisdictions (which relates to pleading only), as set forth in Wisconsin Central Railroad v. United States, 164 U. S., 190, the impression has sometimes prevailed that the rules of procedure and practice in this court are materially different from the rules which obtain in other courts. There is misunderstanding on this point, and certainly this is so where it relates to the matter of jurisdiction.
In the course we have taken with respect to the cases under consideration we have proceeded according to the practice of other judicial tribunals in like cases, just as if our decision related to private parties litigating with eacb other and one party has been misled to his prejudice by the other.
That no other or further misunderstandings may arise the court decides that hereafter cases of non pros and non suit can not be reinstated after the lapse of the term, except for reasons applicable to other trial courts of the United States.