MEMORANDUM BY THE COURT.
The claimant has filed a motion to reinstate a case dismissed by the court in November, 1915. Six years have therefore elapsed since the dismissal. The fact is significant, but scarcely more so than the delay that characterized any prosecution of the case or its preparation for trial. A brief history of the proceeding in tbis court is that it arose out of a reference by a committee of the Senate to this court of a bill proposing the payment of claims of the claimant, as administrator, and those of another claimant named *121 Joslyn. This bill, S. 3616, was introduced in the 51st Congress, 1st session, April 23, 1890, for the relief of Ií. C. Stanton, as administrator of the estate of James Sinclair and his widow, Mary Sinclair, and also for the relief of Erastus S. Joslyn. The bill purported to authorize the Secretary of War to ascertain the value of timber and wood removed by military authorities from the lands of the Sinclairs, and for the use and occupation of the land by the United States Army, and further, for goods, wares, and merchandise (stolen by Indians) belonging to the Sinclairs and cattle and horses, belonging to them, killed or driven away by hostile Indians, and cattle killed for beef by the Army, belonging to the Sinclairs; and by section 2 of the bill the Secretary was authorized to settle these items, and that the sum found due bjr him should be paid out of the Treasury, “but the same shall not exceed the sum of $28,000.” The claims mentioned in the bill and referred to the court, so far as claimant is concerned, are for losses occasioned by depredations of Indians in 1855 or 1856, and for the destruction of timber on land claimed to be owned by the Sinclairs. The claims of the other party, Joslyn, mentioned in the'bill, are for damage and injury to the timber on land claimed by him.
The reference to the court is under what is known as the Bowman Act, approved March 3, 1883. A petition was filed in the name of the claimant, and the case was docketed as Congressional No. 8101 in the Court of Claims. This petition sets up an alleged damage to the claimant’s in-testates caused by the destruction of wood by the United States authorities, and the occupation of certain lands by them. It also claims for a large amount of beef cattle which it is alleged that James Sinclair furnished for the support of Indians. The same petition sets up a claim of Joslyn, referred to in the bill. The amount claimed for the Sinclairs was $20,500 for wood and grass and supplies furnished the Indian Commissioners, and $4,700 of claims for Joslyn. This petition was filed in May, 1891. Shortly thereafter a petition was filed on behalf of the estates of the Sinclairs, claiming a large sum, to wit, $98,000, on account of Indian depredations, and became cause No. 3681 on the Indian *122 depredation docket. This petition was subsequently brought into congressional case No. 8101, evidently because the latter,, as shown by the bill, covered the substance of that petition. The claim of Joslyn was more vigorously prosecuted than was the other, with the result that in June, 1901, the court filed its findings of fact, and they were in due course transmitted to the Senate. The claimant’s case languished until, 1907, when an attorney filed an independent petition omitting any reference to the Indian depredations. Some steps were taken in the case up to 1909, but between 1909 and 1915 nothing was done. In November, 1915, it was dismissed by the court. It thus appears that the case was not prepared during the ten years next following its reference to the court, though the case of Joslyn, named in the same bill, was prepared and heard. The claimant allowed nearly nine years more to elapse without bringing his case to a hearing and then for seven years before the court dismissed the case and for six years after its dismissal the claimant has taken no steps in the matter.
After the dismissal in 1915, sixty days elapsed before any action was reported, in accordance with the rules, and on January 29, 1916, the fact of the dismissal was reported by the court to the Senate. The general rule is that after the-expiration of the term in which final action is taken a court loses jurisdiction of a case. Mayer ease, 235 U. S. 55. This, court, recognizing the general rule, was nevertheless indulgent in cases which had been disposed of on grounds not necessarily involving their merits, but finally found it necessary to lay down the rule that this course would not be-longer followed. Murray case, 46 C. Cls. 94; McMuLlin case, 49 C. Cls. 379. And the court announced in one of’ these cases that “hereafter cases of nolle pros and nonsuit can not be reinstated after the lapse of the term, except for reasons applicable to other trial courts of the United Statés.”'
The rules of the court in existence prior to January 1, 1916, were very liberal toward cases of congressional reference. They allowed motions to dismiss to be made only after two years’ delay in their prosecution by a claimant; but if any steps had been taken within the two years the motion to dismiss was generally overruled. The rules *123 adopted as of January 1, 1916, provide for the prosecution of the cases without unreasonable delay, and that if a claimant has neglected to close his proof and give notice as required by the rules the court may at any time thereafter entertain a motion by defendant to dismiss the same. These rules likewise provide for the calling of the general docket and the dismissal of cases. It is manifest, therefore, that the claimant’s case was subject to dismissal long before the time it was dismissed. It was on the docket for nearly twenty-four years. The claimant has shown no ■ diligence, and offers no excuse for his failure to prepare the case prior to November, 1916, when it was dismissed, nor does he give any reasonable excuse for his neglect for six years to apply for a reinstatement of the case. That delay, as well as the delay in preparing the case, is unreasonable. Notwithstanding the liberality of the rules applicable to congressional references, the court many years ago held that, when a claim had been transmitted under the Bowman Act, was dismissed by the court and reported to Congress, or the committee transmitting it, the court has lost control of the case. Dunbar case, 19 C. Cls. 674. See 60 C. Cls. 395.
The court having reported its action to the Senate more than six years ago would not now be justified in reinstating the case, even if it could do so. The motion is accordingly overruled.