Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff’s petition sets forth seven different items of claim. Of these, two bills, 1893-A and 2259 — A, are barred by the statute of limitations of six years, and they are abandoned on that account by the plaintiff. The plaintiff also relinquishes any claim on account of bills No. 3377 and No. 4001, these bills having been paid in full to the plaintiff by the disbursing officer. Afterwards, on settlement of this officer’s account by the Auditor for the War Department, his account was checked with the differences claimed in the petition on these bills. Subsequently the amounts were deducted from the United States Railroad Administration accounts, but it does not appear that this deduction affected plaintiff'. This leaves three items of the claim for consideration. As to one of these, G-480, being a claim for $1,692.96 on account of a deduction in this sum from a bill *87 submitted by plaintiff to the Auditor for the War Department, the plaintiff says that this settlement by the auditor and the consequent deduction was made May 10, 1920, “ when the question of the right of the Government to the free baggage car tariffs was very much in controversy.” The Government insists that the, plaintiff accepted the auditor’s allowance without protest against the deduction or otherwise making objection to it and without availing itself of the right to have the auditor’s settlement revised by the Comptroller of the Treasury, and that it should not now be heard to complain of the deduction. The bill in question arose October 26, 1916. The auditor’s settlement was made in May, 1920, and this suit was brought August 22, 1922.
The Dockery Act, 28 Stat. 206, formulates the Government’s accounting system. Among other things, it provides in section 8 that balances which may from time to time be certified by the'auditors “shall he final and conclusive upon the executive branch of the Government.” Provision is made for a revision by the Comptroller of the Treasury of an auditor’s settlement upon the application of “ any person whose accounts may have been settled ” within a year thereafter. No revision was had or applied for by the plaintiff. The act further provides that any person accepting payment under a settlement by an auditor “ shall be thereby precluded from obtaining a revision of such settlement as to any items upon which payment is accepted.” The clearly defined policy of the act is to secure finality and conclusiveness in settlements of the designated officers. It will not allow a creditor to accept the auditor’s allowance and apply to the comptroller for further payment.
The auditor’s action is final and conclusive upon the executive branch. The policy of the statute should not be ignored and should have some consideration when a party whose accounts have been settled by the proper auditor appeals to the court for an additional amount to that received upon the auditor’s certificate. The plaintiff’s argument that when the deduction was made from its bill by the auditor the question of the right- to make it “ was very much in con *88 troversy ” does not show sufficient reason for accepting the auditor’s conclusion without any attempt to secure its revision by the comptroller or for its failure to signify any timely objection to this conclusion. As to these controverted items the plaintiff’s account may be treated as unliquidated and its acceptance of the undisputed items a settlement of the entire claim. See Chicago, Milwaukee & St. Paul Ry. Co. v. Clark, 178 U. S. 353, 367; Savage case, 92 U. S. 382, 388; Pacific Railroad Co. case, 158 U. S. 118, 122.
This court in the case of Texas d¡ Pacific By. Co., 57 C. Cls. 284, 293, commented on the effect of the receipt of an allowance by an auditor and failure to protest against the disallowance of part of it, saying “ there must be a time when public accounts are to be deemed settled; a time, without reference to statutes of limitation, when it may be assumed that settlements made are final, and it must be as early as circumstances will permit. That ordinarily will occur when, after an auditor’s settlement, the allowance made is paid and payment accepted without any action or circumstances repudiating the idea of an acceptance of the settlement as final.” The question was again presented in Atchison, Topeka da Santa Fe Ry. Co. case, 58 C. Cls. 583, and it was concluded that acceptance of payment under the auditor’s allowance of part of the asserted claim without protest or some other action clearly indicating nonacquiescence in such settlement would bar further prosecution of the claim. While these and other cases recognize the right of parties to apply to the courts in proper cases, it is not unreasonable to require them to make known to the auditor or comptroller in some appropriate way the purpose, if there be any, to further prosecute their demands, notwithstanding the action of these officials. In such case the latter acting for the Government could either withhold any voucher or authorize payment of the part allowed and have some notice of the proposed further prosecution of the claim. As already stated, there must be an end of accounting. Texas & Pacific Ry. Co. case, supra. The failure to indicate that the *89 acceptance of the auditor’s allowance was under protest and with a purpose to proceed further bars recovery in this suit. The claim was settled.
The two. remaining items are bills No. 3055 and No. 4732 for differences claimed in the sums of $2,604.34 and $566.80, respectively. The service upon which they are based was rendered in May, 1917. These items were included in a former petition' by the same plaintiff, No. 34697, filed September 13, 1920. In that suit judgment was rendered in favor of plaintiff February 27, 1922, in a large amount, which has been paid. But plaintiff contends that the items now in question were not included in the judgment. The cases relied on to sustain this contention, Spicer case, 5 C. Cls. 34, and Book case, 31 C. Cls. 272, are not applicable. These items were “ involved in the controversy.” They were stated in the petition. The question is set at rest by section 178, Judicial Code. See Vaughn case, 34 C. Cls. 342; Frerich's case, 124 U. S. 315, 320.
The petition should be dismissed. And it is sc ordered.
Ghaham, Judge; Hay, Judge; Downey, Judge; and Booth, Judge, concur.