Moss, Judge,
delivered the opinion of the court:
On December 10, 1917, plaintiff, James' L. Wilmeth, who was at that time, and had been for many years prior thereto, an employee in the classified civil service of the United States, was appointed by the Secretary of the Treasury to the office of Director of the Bureau of Engraving and Printing at a salary of $6,000 per annum. Plaintiff served in that capacity until March 31, 1922, at which time he was summarily removed from office by Executive order of the President of the United States. On or about December 20, 1923, the Secretary of the Treasury, on certain conditions, which were not satisfactory to plaintiff, offered to restore plaintiff to the office from which he had been removed, which offer was declined. On December 24, 1923, the President issued an Executive order restoring to plaintiff his civil-service status for a period of five years. This action was instituted for the recovery of salary for the period between April 1, 1922, and December 20, 1923. If entitled to such salary, plaintiff should recover $10,333.33.
It is plaintiff’s contention that as a civil-service employee he could not be removed from his office except upon compliance with the act of Congress of August 24, 1912 (37 Stat. 555), which provides that no person in the classified civil service shall be removed therefrom except for cause and for reasons given in writing; that the person whose removal is sought shall have notice of same and of the charges which *373 may be preferred against him, and be furnished with a copy thereof, and be allowed a reasonable time for personally answering same in writing. It is also provided that copies of .the charges, notice of the hearing, reasons for the removal, answer, and order, of removal shall be made a part of the records of the proper department or office. Plaintiff further contends that the President was without authority to dismiss an official of the Treasury Department appointed by the Secretary of the Treasury.
The question raised by the first condition was directly settled in the case of Thomas H. O'Neil v. United States. (56 C. Cls. 89.) O’Neil was a customs service employee in the classified civil service. On February 11, 1907, he was removed from the position which he held, by order of the Secretary of the Treasury. At the time of plaintiff’s removal there was in effect a civil-service rule which provided that — •
“ no person shall be removed from a competitive position, except for such cause as will promote the efficiency of the service. When .the President or head of an executive department is satisfied that an employee in the classified service is inefficient or incapable and that the public service will be materially improved by his removal, such removal may be made without notice to such officer or employee, but the cause of removal shall be stated in writing and filed.”
By the act of August 24, 1912, hereinabove mentioned, Congress adopted the essential principles embodied in the foregoing rule. O’Neil was later reinstated in the customs service by an Executive order, and he brought his action in the Court of Claims for his salary covering the period from the time of his dismissal until the date of his reinstatement. The court held that the failure of the Secretary of the Treasury to comply with the rule requiring the statement of the cause of removal in writing and .the filing of the same could have no bearing upon the legality of the removal; and the court further declared that “ his only remedy is to proceed •without delay in a court of competent jurisdiction to try his right ,to the office.” The court cited with approval Arant v. United States (55 C. Cls. 327) and Nicholas v. United States (55 C. Cls. 188).
*374 Congress was granted the power to vest the appointment to inferior offices, which classification includes the office of Director of the Bureau of Engraving and Printing, in heads of departments, under Article II, section 2, <of the Constitution, which provides as follows: “ * * * but the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments.” Pursuant to this grant of authority Congress; has vested the appointment of Director of the Bureau of Engraving and Printing in ¡the Secretary of the Treasury, by section 3577 of the Revised Statutes, which reads as follows: “ The Secretary of the Treasury may cause notes to be engraved, printed, and executed at the De-joartment of the Treasury in Washington, and under his direction, if he deems .it inexpedient to procure them to be engraved and printed by contract; and he may purchase and provide all the machinery and materials, and employ such persons and appoint such officers as are necessary for this purpose?''
The authority of Congress to vest the appointment of inferior officers in the heads of departments carries with it the incidental authority to invest such heads of departments with power of removal. However, this incidental authority is not exclusive of the power of the President as the chief executive officer of the Government to remove officers of executive departments. The President has the power to remove such officers, unless his authority to do so has been limited or taken away by act of Congress.
The Supreme Court of the United States in the case of Myers, administratrix, etc., v. United States, 272 U. S. 52, decided October 25, 1926, said: “Assuming then the power of Congress to regulate removals as incidental to the exercise of its constitutional power to vest appointments of inferior officers in the heads of departments, certainly so long as Congress does not exercise that power, the power of removal must remain where the Constitution places it, with the President, as part of the executive power.”
Congress having imposed no restriction or limitation on the power of the President to remove officers in the classification which included plaintiff, the court must hold under *375 the authority of the Myers ease, sufra, that the President, had the power to remove plaintiff from office.
. It is adjudged and ordered that plaintiff’s petition herein be and the same is dismissed.
Graham, Judge; Booth, Judge; and Campbell, Chief Justiae, concur.