LitteetoN, Judge,
delivered the opinion of the court:
The act of June 10,1922, 42 Stat. 628, provides as follows:
“ Each commissioned officer on the active list * * * in any of the services mentioned in the title of this act, if public quarters are not available, shall be entitled at all times, in addition to his pay, to a money allowance for rental of quarters, the amount of such allowance to be determined by the rate for one room * * *. Such rate for one room is hereby fixed at $20.00 per month for the fiscal year 1923. * * * The rental alloioance shall accrue while the officer is on field or sea duty, temporary duty away from his permanent station, in hospital, on leave of absence or on sick leave, regardless of any shelter that may he furnished him for his personal use, if his dependent or dependents are not occupying public quarters during such period.” (Italics ours.)
The act of May 31, 1924, 43 Stat. 250, amending the act of June 10,1922, above quoted, provides as follows:
a * * * Each commissioned officer below the grade of brigadier general or its equivalent * * * while either on active duty or entitled to active duty pay shall be entitled at all times to a money allowance for rental of quarters. The amount of such money allowance for the rental of quarters shall be determined by the rate for one room * * *. Such rate for one room is hereby fixed at $20 per month for the fiscal year 1923 * * *.
“ To an officer having a dependent, * * * receiving the base pay of the third period the amount of this allowance shall be equal to that for four rooms. * * *
“No rental allowance shall accrue to an officer having no dependents, while he is on field or sea duty, nor while an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case wherein, in the judgment of competent *542 superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of the officer and his dependents.”
A proviso in the above act makes the amendment retroactive to July 1, 1922.
The act of September 14, 1922, 42 Stat. 840, provides that—
“ The discharge and recommission of officers in the next lower grade shall not operate to reduce the pay or allowances which they are now receiving or to deprive them of credit for service now counted for purposes of pay or retirement.”
This plaintiff originally brought this question before this court on July 24, 1923, in Case No. C-913, claiming rental allowance of officer with dependents under the act of June 10, 1922. Subsequently Congress passed the act of May 31, 1924, supra, amending the act of June 10, 1922, and providing that each commissioned officer while on active duty or entitled to active duty pay should be entitled to a money allowance for quarters except where adequate quarters for himself and his dependents were assigned to him at his permanent station. This amendment, as shown by the report of the Committee on Military Affairs of the Sixty-eighth Congress, first session, Report No. 236, was to correct certain errors made by the General Accounting Office in refusing to make allowances for rent. Believing that the matter could be more expeditiously handled before the Comptroller General since the passage of the amendment, plaintiff, on June 19,1924,[1] dismissed his petition without prejudice. Plaintiff’s claim was then presented to the Comptroller General under the amended statute, but the comptroller disallowed the claim and gave as his reasons therefor the following:
“ Had claimant been accompanied by his dependents there is no question he would have been assigned adequate quarters, controlled by the Government, for their occupancy; he was not so accompanied. His claim by implication represents that he was not assigned adequate quarters for himself and his dependents; but in practice under the act of May 31, 1924, and the regulations of the War Department, *543 an officer reporting at a station where adequate public quarters for himself and his dependents are available and who is not accompanied by his dependents is assigned quarters on the basis of his needs notwithstanding his dependents, and the assignment of quarters to him adequate for himself when not accompanied by his dependents in the absence of a certificate by the ‘ competent superior authority,’ as in this case, must be treated as an assignment of public quarters adequate for the occupancy of himself and his dependents, ‘ if any.’ ”
We think this holding disregarded the intent of Congress as expressed in the act of May 31, 1924. That act specifically provides for allowance except where “ an officer with or without dependents is assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank or a less number of rooms in any particular case, wherein in the judgment of competent superior authority of the service concerned, a less number of rooms would be adequate for the occupancy of officer and Ms dependents.” (Italics supplied.) The act of June 10,1922, supra, before it was amended, pi’ovided that rental allowances should accrue while an officer was on field duty regardless of any shelter that might be furnished the officer for his personal use if his dependents were not occupying public quarters. The act of May 31, 1924, supra, provided that allowances should be made except where an officer is “ assigned as quarters at his permanent station the number of rooms provided by law for an officer of his rank.”
Quarters sufficient for his own use were assigned to him while he was in Germany with the Army of Occupation. The question is, therefore, presented whether plaintiff while stationed at Coblenz was at a permanent station. In our opinion he was not. Hines v. Mikell, 259 Fed. 28. Fred S. Byerly v. United States, 58 C. Cls. 269. Martin Ackerson v. United States, 60 C. Cls. 918. Although during the period here in question the United States was not at war with Germany, the war having been declared at an end by a joint resolution of Congress, approved July 2, 1921, we think plaintiff was on field duty. Under the terms of the armistice, a part of the American Expeditionary Forces occupied enemy territory and the duties performed by them *544 in Germany as a combatant organization more nearly approach those performed by a regiment in the field than the duties of a regiment permanently garrisoned. Military forces remained in such occupation long after the war had been formally terminated and were only recently withdrawn. The purpose of haying such Army of Occupation was to prevent any difficulties that might possibly arise.. It was an enemy actual in the past and potential at the time of occupation that warranted action in maintaining an army of occupation in Germany. It was, in any event, purely a temporary duty and should not be regarded as a permanent station. We are of opinion, therefore, that the amendment of section 6 of the act of June 10, 1922, supra, by the act of May SI, 1924, supra, was to grant relief in situations similar to that of plaintiff; that it was not intended by Congress in cases such as this that the officer should transport his minor children to the place at which he was located; and that plaintiff’s duty in Coblenz, Germany, was of such a potential hostile or combative nature as to require it to be treated as field duty.
Judgment in favor of the plaintiff for $498.66 will be entered. It is so ordered.
Williams, Judge; Geeest, Judge; and Booth, Ghief Justice, concur.
Whaley, Judge, did not hear and took no part in the decision of this case.

 59 C. Cls. 982.