Williams, Judge,
delivered the opinion of the court:
The plaintiff brings suit to recover the difference in rental and subsistence allowances between those of an officer without dependents, in which status he had been paid, and an officer with a dependent mother, from June 8, 1923, to September 19, 1924.
His claim is based on sections 4, 5, and 6 of the act of June 10, 1922 (42 Stat. 628), as amended by the act of May 31, 1924 (43 Stat. 250).
The plaintiff’s mother during the period of the claim was over fifty-two years of age and owned no property of any kind. Her living expenses during the period in question averaged around $100 per month, of which amount the plaintiff contributed $60. Under the decisions of this court in Tomlinson v. United States, 66 C. Cls. 697; Haas v. United States, 66 C. Cls. 718; Freeland v. United States, 64 C. Cls. 368, and numerous like cases, the plaintiff’s mother was during this time dependent upon him for her chief support, and he is entitled to the rental and subsistence allowances of an officer of the United States Navy with a dependent mother.
The defendant contends the plaintiff can not recover for the period from June 8,1923, to April 1,1924, because of the bar of the statute of limitations, the petition herein having been filed on April 1,1930. The plaintiff, on the other hand, asserts its claim for the period from June 8, 1923, to April 1, 1924, is not barred; that because of the provision of the act of May 31, 1924, “ That the provisions of this act shall be effective from and after July 1,1922,” the statute of limitations on that part of his claim accruing prior to the passage of the act begins to run from the date such act became effective. It is argued the act of May 31,1924, was intended *334 by Congress to be a complete reconstruction of the law as it existed under the act of June 10, 1922; that it obliterated all laws in existence prior to its passage and constituted a new right, and that plaintiff having filed his petition within six years from the date of its passage, recovery is not barred by the statute of limitations.
The act of May 31, 1924, was a reenactment and amendment of the act of June 10, 1922, and was passed to correct certain rulings made by the General Accounting Office in construing the extra rental and subsistence allowances provided under that act. Stewart v. United States, 70 C. Cls. 540. This is also clearly shown by the report of the Committee on Military Affairs of the House :
“ That the language of the existing section, as reflecting the legislative intent in this matter, has proved unsatisfactory and should no longer be allowed to stand is the conclusion of your committee from a consideration of various decisions of the Comptroller General thereon.”
The act of May 31,1924, did not give to the plaintiff a new right of action on claims for extra rental and subsistence allowances due him at and prior to the time of the passage of the act. His right to receive and recover such extra allowances was always available to him under the act of June 10, 1922. The statute of limitations as to such claims commenced to run at the time plaintiff’s right to bring suit on them first accrued. His right to recover for the period from June 8,1923, to April 1,1924, is therefore barred.
There is due plaintiff and he is entitled to recover the extra rental and subsistence allowances provided for an officer of the Navy of his rank for a dependent mother for the period from April 1,1924, to September 19,1924.
Judgment will be entered for the plaintiff in the sum of $201.34. It is so ordered.
Whalev, Judge; Littleton, Judge; Green, Judge; and Booth, Chief Justice, concur.