Booth, Chief Justice,
delivered the opinion of the court:
Defendant’s motion to dismiss plaintiffs’ petition raises an issue of jurisdiction in this case. The motion is pred *536 icated upon the statute of limitations applicable to this court.
The facts are these: February 7, 1925, Congress enacted a special jurisdictional act enabling the plaintiff Indians to bring suit in this court. We cite the same as it appears in 43 Stat. 812:
That all claims of whatsoever nature the Delaware Tribe of Indians residing in Oklahoma may have or claim to have against the United States may be submitted to the Court of Claims, with right of appeal to the Supreme Court of the United States by either party; and jurisdiction is hereby conferred upon the said Court of Claims and the said Supreme Court of the United States to hear, determine, and enter judgment on any and all such claims. The said courts shall consider all such claims de novo, upon a legal and equitable basis, and without regard to any decision, finding, or settlement heretofore had in respect of any such claims.
If any claim or claims be submitted to said courts, they shall settle the rights therein, both legal and equitable, of each and all parties thereto-, notwithstanding lapse of time or statutes of limitation, and any payment which may have been made upon any claim so submitted shall not be pleaded as an estoppel, but may be pleaded as an offset in such suits or actions. The claim or claims of said Delaware Tribe may be presented separately or jointly by petition, subject, however, to amendment, and the petition shall be verified by the attorney or attorneys employed by such Delaware Tribe under contract -approved by the Secretary of the Interior and the Commissioner of Indian Affairs in accordance with sections 2103 to 2105 of the United States Eevised Statutes to prosecute their claims under this Act.
The foregoing statute in its last paragraph fixed the fees allowable by the Court to the properly accredited attorney or attorneys for the Indian Tribe. The tribe, considering itself under obligation to Richard C. Adams for past services rendered during his life, wished to compensate therefor by allowing to his estate a fixed percentage of whatever sum it may recover. To accomplish this purpose Congress on March 3, 1927, amended the act of 1925 in the manner following:
*537 Be it enacted by the Senate and House of Representatives of the limited States of America in Congress Assembled, That the last paragraph of the Act approved February 7, 1925, entitled “An Act to refer the claims of the Delaware Indians to the Court of Claims, with the right of appeal to the Supreme Court of the United States” (Forty-third Statutes at Large, pages 812 and 813), be, and the same hereby is, amended to read as follows:
“Upon the final determination of any suit the Court of Claims shall decree such fees as may be deemed fair and reasonable for services and expenses rendered and incurred therein, to be paid to the attorney or attorneys, such fees for services not to exceed 10 per centum on the amount of the judgments recovered and in no event to be more than $25,000 in any one claim, and the Court of Claims shall also decree to the estate of Richard C. Adams, deceased member of the Delaware Tribe, and its representative and attorney for many years and up to his death in October, 1921, a reasonable amount for the services and expenses of said Richard C. Adams, rendered and incurred during his lifetime for and on behalf of said Delaware Tribe in connection with its claims against the United States, to the extent of but in no event to exceed 2% per centum on any sums recovered; and all of such sums so to be paid for services and expenses shall be paid out of any sum or sums found due said Delaware Tribe and not otherwise. Such suit, suits, or causes shall be advanced on the docket of the Court of Claims and by the Supreme Court of the United States if an appeal shall be taken” (44 Stat. 1358).
Five separate suits were begun by the plaintiffs under this special jurisdictional act as amended. Three came to trial and were decided by the court (72 C. Cls. 483; Id. 525; 74 C. Cls. 368). The remaining two were voluntarily dismissed on plaintiffs’ motion. The petitions in the. above cases were timely filed.
June 4, 1936 (49 Stat. 1459), Congress enacted the following act:
Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That the last paragraph, as amended, of the Act entitled “An Act to refer the claims of the Delaware Indians to the Court of Claims, with the right of appeal *538 to the Supreme Court of the United States”, approved February 7, 1925, is amended by striking out the following: “and in no event to be more than $25,000 in any one claim.”
The petition in this case was filed on August 3, 1936, more than eleven years after the enactment of the original act of 1925, and more than nine years subsequent to the amendment of the same. Section 156 of the Judicial Code provides as follows:
_ Sec. 156. Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, or transmitted to it by the Secretary of the Senate or the Clerk of the House of Representatives, as provided by law, within six years after the claim first accrues. * * *
The issue is confined to the one question of law, i. e., does the amendatory act of 1936 “reenact” and, as the plaintiffs put it, “revitalize” the special jurisdictional act of 1925 and thus enable the plaintiffs to escape a plea of the statute of limitations predicated upon Sec. 156 of the Judicial Code.
The statute of limitations applies to special jurisdictional acts in precisely the same way as to other grants of jurisdiction to this court unless some express words in the act negative the application of the same or the plaintiffs fall within the exceptions mentioned in Section 156 of the Judicial Code. Rice v. United States, 21 C. Cls. 413, 122 U. S. 611; United States v. Greathouse, 166 U. S. 601; De Arnaud v. United States, 151 U. S. 483. Section 156 of the Judicial Code is not only a statute of limitation but is jurisdictional in character in this court. United States v. Wardwell, 172 U. S. 48. It may not be waived by the defendant and it is the duty of the court to enforce it whether the defendant raises the issue or not. Clark v. United States, 99 U. S. 493; Kendall v. United States, 14 C. Cls. 122; Mosby v. United States, 24 C. Cls. 1, 133 U. S. 273; B. & O. R. R. Co. v. United States, 34 C. Cls. 484.
A claim accrues within the meaning of Section 156 of the Judicial Code from the date when a suit may first be brought upon it. Louisville Cement Co. v. Interstate Com *539 merce Commission, 246 U. S. 638; Finn v. United States, 123 U. S. 227; Caudle v. United States, 72 C. Cls. 331. It is clear that when, tbe act of 1936 amending the act of 1925 was passed, the plaintiffs were barred from prosecuting any suit under the act of 1925 as amended in 1927. The law with respect to this fact is well settled.
The enabling clause of the act of 1925 dealing with jurisdiction, the basis of the claims to be filed and limiting as well as designating the defense which may be interposed, was not amended in any respect by any legislation subsequent to 1925. The jurisdiction of the court upon the merits of the controversy remained as originally conferred. All that Congress did in the amendatory legislation was to seek a change in the amount and manner of compensating the attorneys of record and one deceased member of the tribe.
It is a long since established precedent, from which this court may not depart, that special jurisdictional acts are not to be enlarged by implication or extended beyond the express letter of the grant. The remedy of the plaintiffs is purely statutory and is strictly limited to the statute irrespective of extraneous contentions involving equitable and moral considerations for the adjudication of which the statute does not provide. Schillinger v. United States, 155 U. S. 163; Blackfeather v. United States, 190 U. S. 368; Price v. United States and Osage Indians, 174 U. S. 373; Choctaw and Chickasaw Nations v. United States, 75 C. Cls. 494.
Plaintiffs’ argument is addressed to a contention that the report of the committees of Congress on the amendatory act of 1936 clearly discloses an intention upon its part to reenact the act of 1925. Obviously there are no express words used indicating such an intention. The act imports no apparent ambiguity. The fact that no suits were pending in this court when it was under consideration by the committees, and that the proper department of the Government did not disapprove its enactment, seems to have been the result of failure of the tribe to have available attorneys to represent it.
There is nothing of record showing that the committees were informed that suits at this time under the act of 1925 *540 were barred by the statute of limitations, and the language of the amendment of 1936 clearly indicates that Congress was alone concerned with the matter of attorneys’ fees, and what is of vital importance is the fact that practically without exception Congress in enacting special jurisdictional acts involving a reenactment of prior ones or dispensing with the rule of res adjudieata expressly provides accordingly, leaving no doubt as to the scope of the statute.
No provision in the act of 1925 fixes a limitation period within which a suit or suits may be brought thereunder. In the absence of such a one, as previously stated, the six-year statute prevails. If during the pendency of the suits timely filed under the original act and prior to their decision, Congress had enacted the act of 1936, the court would have had to proceed under the same in the event the plaintiffs recovered a judgment in the matter of attorney’s fees.
The suits brought under the act resulted in a decision adverse to plaintiffs’ contention, and hence attorney’s fees were not an issue. If plaintiffs’ contention is sound, that an amendatory act enacted after the statute of limitations under the original jurisdictional act had barred any additional suits, the result would be that plaintiffs would now acquire the right to commence suits under the original jurisdictional act for a period of seventeen years or more after its passage. We do not believe Congress intended such a result and, if so, express language would have been used to do so.
The facts indicate that Congress may have taken it for granted that the act of 1925 was still in force, and the question was not before it. The committees did not pass upon it, and as the issue here is one of jurisdiction this court is precluded by the statute of limitations from adjudicating the case, in the absence of an express provision having the force and effect of reenacting the act of 1925.
The subject matter of the amendatory act of 1936 bears no relationship to the jurisdictional clause; it refers to a contingency which may or may not happen, and has to do only with an incident of the substantive subject matter of jurisdiction. Whatever else may be said, it was manifestly-passed, granting to plaintiffs the most favorable aspect of *541 the contention advanced, under the mistaken impression that a cause of action did exist in favor of plaintiffs.
This court may not indulge the inference that Congress intended to reenact an act under which causes of action have long since been barred by the statute of limitations, in the absence of express language indicating such an intention. The entire history of special jurisdictional acts in Indian cases unmistakably attests this fact.
Defendant’s motion is sustained and the petition is dismissed. It is so ordered.
■Whaley, Judge; Williams, Judge; Littleton, Judge; and Green, Judge, concur.