**HUBARD v. UNITED STATES.**

No. 46481.

Court of Claims.

Jan. 7, 1946.

Walter R. Schoenberg, of Washington, D.C. (Wilkes, McGarraghy & Artis, of Washington, D. C., on the brief), for plaintiff.

Grover C. Sherrod, of Washington, D. C., and John F. Sonnett, Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and JONES, Judges.

WHITAKER, Judge.

This suit is before us on defendant's motion to dismiss. It was filed on July 13, 1945, under a special jurisdictional act approved June 25, 1938, 52 Stat. 1403.

■ 1. This Act contained no special period of limitation within which a suit under it had to be brought and, therefore, the general limitation period of six years fixed by section 156 of the Judicial Code 28 U.S.C.A. § 262, applies. This section requires that a petition on a claim be filed "within six years after the claim first accrues." This has been interpreted to mean "after the right to sue first accrues," and this is when the special jurisdictional act was passed. Cross v. United States, 4 Ct. Cl. 271; Rice, Assignee, v. United States, 21 Ct.Cl. 413, affirmed 122 U.S. 611, 617, 7 S.Ct. 1377, 30 L.Ed. 793; Delaware Tribe of Indians v. United States, 84 Ct.Cl. 535, 538.

Plaintiff's claim that Congress intended to give him an unlimited time within which to bring suit is clearly without merit. When jurisdiction of the claim was conferred, "notwithstanding the said judgment of the Court of Claims, laches, or the statute of limitations," Congress had reference to what had happened in the past and not to that which might happen in the future. The "judgment of the Court of Claims," to which reference was made, was one that had already been rendered; the "laches" referred to was in plaintiff's past conduct; the "statute of limitations" was to the time that had already run. When Congress gave jurisdiction of the suit "notwithstanding * * * laches * * *," it did not mean to say that the plaintiff could bring suit under the Act at any time, although during the period of its neglect to do so the defendant's situation might have changed to its prejudice. Congress had in mind what had already happened.

The right of action, if any, arose originally back in 1921 or 1922; the special act was not passed until 1938, about sixteen years thereafter; because of this lapse of time Congress thought it necessary to waive the statute and any neglect of which plaintiff may have been guilty in the interim.

■ 2. Just three days before the expiration of the six-year period after the passage of the special jurisdictional act, plaintiff filed in this court a petition on his claim, but on plaintiff's motion this was dismissed on November 6, 1944, because of his inability to comply with the order of the court to make his petition more definite and certain. Plaintiff now asks us to reinstate this petition and to treat his present one as an amendment of it. We have no power to do this, since the term at which the case was dismissed has long since ended. With the expiration of that term our jurisdiction over the case was at an end, except for the possible correction of such formal matters as might be corrected on writ of error coram nobis or coram vobis. United States v. Mayer, 235 U.S. 55, 35 S. Ct. 16, 59 L.Ed. 129; Murray v. United States et al., 46 Ct.Cl. 94; Stanton, Adm'r, v. United States, 57 Ct.Cl. 120.

Defendant's motion is sustained and plaintiff's petition is dismissed. It is so ordered.

MADDEN, Judge, took no part in the decision of this case.