Booth, Judge,
delivered the opinion of the court:
The act of June 10, 1922 (42 Stat. 625), allows naval officers with dejjendents a rental allowance provided such dependents are not occupying- public quarters. Section 4 of the statute, page 627, defines the term “ dependent ” and extends the application of the law to the mother of the officer if in fact she depends upon him chiefly for support. The language of section 4 is as follows:
“ The term c dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer, provided she is in fact dependent on him for her chief support.”
The jflaintiff from October 1, 1922, until September 30, 1923, was on active duty in the Navy as a pay clerk. During this period the plaintiff contributed monthly to his mother’s support about $43.33 per month. In 1924 there was deducted from plaintiff’s pay the sum of $480.00, the amount he had drawn as a rental allowance under the act of June 10, 1922, supra, the deduction being justified upon the alleged failure of the plaintiff to prove as a matter of fact that his mother was dependent upon him for her chief support. The record proves that during this entire period plaintiff’s mother was without financial resources, except the small salary of $33.00 per month paid her as an employee in a shoe factory at Rockland, Mass. Through the kindness of relatives, who *367 do not seem to have been able to grant free lodging, the mother was enabled to obtain one room and board in their residence for $9.00 per week, a sum $3.00 in excess of her monthly income. The average monthly expense of the mother was not less than $50.00 per month.
Whether the record now before the court was before the Comptroller General is not shown. The question, which is purely one of fact, impresses us under the proofs that the plaintiff is entitled to recover. When consideration is given to the history of the legislation, contemporaneous events, and especially to the act of May 26, 1926 (44 Stat. 654), it is evident that Congress was extending to a naval officer in the plaintiff’s situation an allowance to compensate him for the expenditures he was compelled to make for the support of a dependent mother. The statute limited the allowance and was designedly confined to cases where the necessities of the case exacted the payment. It is difficult to standardize the facts which disclose a condition designated in the law as “ chief support.” Surely it was not intended by this provision to warrant a refusal of the allowance because perchance the dependent was able to earn something and others might in a small way contribute to the dependent’s living expenses. The plaintiff was the dependent’s only son. No one of her immediate family was a person of affluence, and with the contributions made by plaintiff it is assuredly established that without the $40.00 monthly allowance the mother would have been in dire distress. As it was she was able to live, provided sickness and misfortune did not overtake her. The plaintiff’s contribution clearly indicates that it was upon him the mother chiefly relied for support. We say chiefly, not upon a mathematical or pro rata computation of the sums she received for labor and from the plaintiff, but together with all the facts and circumstances surrounding the situation we deduce a conclusion that the mother, while herself earning an insignificant wage, insufficient to pay for board and lodging, the $40.00 received monthly from the plaintiff was indeed and in fact the chief obstacle to approaching poverty or absolute dependence upon either public charity or the generosity of friends.
*368 The court thinks the statute involved is not to be strictly construed, nor applied rigidly in all cases where there appears an absence of destitution or helplessness. The real legislative intent was to relieve an officer situated as the plaintiff from taking from a salary not in anywise disproportionate to his individual needs a monthly allowance to a dependent mother. Congress recognized that the officer’s pay, in view of the increased cost of living, was not too great, and added the provisions cited above, and as said by the committee in its report on the bill, “ it accepts family life and its greater requirements as the normal condition of existence. It recognizes abnormal conditions inherent in military and naval service, frequent changes of station, and family separations.”
A denial of judgment for the plaintiff in this case would result in counteracting the manifest intent of Congress in working out a schedule of pay for officers in the Navy “ which offer a reasonable career to young men of a desirable kind.” Judgment for the plaintiff for $480.00. It is so ordered.
Moss, Judge; Ge'aham, Judge; and Campbell, Ghief Justice, concur.