GREEN, Judge,
delivered the opinion of the court:
This case, like the case of Haas v. United States, No. H-442, this day decided [post, p. 718], turns upon the construction of section 4 of the act of June 10, 1922, 42 Stat. 625, which has so often been set out in the reports of this court as not to need repetition.
Plaintiff was a naval officer of the rank of lieutenant, junior grade, up to June 6, 1925, and thereafter to the present date a lieutenant, and has received certain rental and subsistence allowances as an officer with dependents; but sub *700 sequently all allowances up to September 30, 1924, were checked against him, and deducted from his pay. He claims that his mother was “ in fact dependent on him for her chief support ” within the meaning of the law; that the deduction from his pay was wrongful; and that he is entitled to recover the amount so deducted together with allowances as provided by law thereafter. Plaintiff is the only child of his mother, who is a widow fifty-nine years of age. She owns some property in Kansas City, some of which is productive and some unproductive, besides bank stock to the value of $1,250. Her entire property does not exceed $10,000 in value, and her gross income from her property does not exceed $55 a month or $660 a year.
Plaintiff’s mother now lives with him in an apartment in Washington and has done so for the last two years. Her living expenses approximate $200 a month, and plaintiff contributes $150 a month thereto.
The main contention on behalf of the defendant is that while plaintiff’s mother owns this property she is not dependent upon him for her chief support; and it seems to be claimed that until this property or its proceeds have been exhausted she is not “in fact dependent.” We think the intent of the law is that where the person alleged to be dependent has property which is returning an income, the case should be determined upon the situation in which the alleged dependent is found, considering the income which she receives from the property, and then determining whether the amount necessary and proper for her support above the amount of her receipts is such that she is dependent “ for her chief support ” upon other sources. This view finds support in the case of United, States v. Purdy, 38 Fed. 902. We would not go so far as to hold, as the court did in that case, that “ The mother is entitled to support according to the style in which she has been living,” for this style might be needlessly extravagant, but we do think that the mother is entitled to such support as would be reasonable in accordance with her station in life. What amount per month would be necessary in the case before us, we do not feel called upon *701 to determine further than to say that it is sufficiently large over and above the amount which plaintiff’s mother receives from her individual income to make her in fact dependent on the plaintiff for her chief support.
The rule laid down above is not a universal one to be applied in all cases where the alleged dependent has property. Different circumstances might require a different holding, but we think it applicable in the case at bar. Having determined by the findings of fact that the plaintiff’s mother is in fact dependent upon him for her chief support, it follows that plaintiff is entitled to recover not only the amount wrongfully deducted from his pay on account of sums previously paid him for rental and subsistence allowances, but also to receive rental and subsistence allowances fixed by law for an officer of his rank with a dependent mother, from October 1, 1924, to the date of entry of judgment herein, which judgment will be entered on receipt from the Accounting Office of a statement of the amount due the plaintiff in accordance with this opinion.
SiNNOtt, Judge; Moss, Judge; Geaham, Judge; and Booth, Chief Justice, concur.