GeeeN, Judge,
delivered the opinion of the court:
The plaintiff, who is a naval offeer and on active duty from July 1, 1924, to June 30, 1927, and thereafter, brings this suit to recover an allowance for a mother alleged to be dependent upon him, making the claim under the act of June 10, 1922, 42 Stat. 625. The case turns upon the construction of section 4 of the statute, which reads as follows:
“ That the term ‘ dependent ’ * * * shall also include the mother of the officer, provided she is in fact dependent on him for her chief support.”
The facts further show that the plaintiff’s mother is not in any way fitted to engage in any gainful occupation, and that of her four children, besides the plaintiff, one is a naval officer who is receiving pay and allowances of about $450.00 per month and contributes $25.00 a month to her support. Another, who is a clerk on a salary of $100.00 a month, lives with her in a house provided by plaintiff and contributes $40.00 a month toward the household expenses. Another, who has been receiving a salary from $2,500.00 up to $3,500.00 a year, which is his present pay, contributes nothing ; and her daughter is unable to contribute anything. The plaintiff contributes $150.00 a month toward the support of his mother besides providing the house, and her total living expenses are estimated at about $2,400.00 a year.
The main contention on behalf of the defendant is that the other children ought to contribute according to their ability; and if by reason of their failure so to do the court *722 bolds that the plaintiff is entitled to an allowance for the support of his mother the result would be to shift the burden from those who ought to bear it onto the Government; but we are not concerned with the moral obligations of the other children of plaintiff’s mother and do not need to determine whether any of them ought and should contribute further to the support of their mother. In any event, there is no way to compel further contributions. We must take the situation of plaintiff’s mother as we find her and determine whether she is in fact dependent upon him for her chief support.
As before recited, the evidence shows that she receives in addition to what plaintiff pays only $25.00 directly from one son and $40.00 from another who lives with her and contributes this sum as a part of the household expenses, apparently in part to pay for his board and room. The payment last referred to is little, if any, advantage to her, considering what she furnishes in return, and it seems quite evident that plaintiff’s mother is in fact dependent upon him for her chief support. It is not necessary in order to come to this conclusion that we should determine that $200.00 a month, in addition to furnishing the house, was necessary or proper for her living expenses. If only half of that amount were fixed as necessary, she would still be chiefly dependent upon the plaintiff, as the son who lives with her pays less than his board and room would be worth. The plaintiff is a lieutenant commander in the Navy, and the facts indicate a certain degree of social standing for the family. We think Congress contemplated that the amount necessary for the support of a dependent should depend to some extent upon their station in life, and we hold that the law does not intend that the dependent mother should receive only the bare necessities of life.
It follows that plaintiff is entitled to recover the rental and subsistence allowance fixed by law for an officer of his rank, having a dependent mother, from July 1, 1924, and judgment will be entered accordingly.
SiNNOtt, Judge; Moss, Judge; Geaham, Judge; and Booth, Chief Justice, concur.