Moss, Judge,
delivered the opinion of the court:
Plaintiff, James DeB. Walbach, an officer of the United States Army on active duty with the rank of captain from December 18, 1922, to March 10, 1927, and of major from March 11, 1927, to the present time, is suing for recovery of rental and subsistence allowances on account of an alleged dependent mother under the provisions of sections 4, 5, and 6, of the act of June 10, 1922, 42 Stat. 625, as amended by the act of May 31, 1924, 43 Stat. 250, and of the act of May 26, 1926, 44 Stat. 654. The sole question for determination is whether or not the mother in this case is “ in fact dependent on him for her chief support,” within the meaning of section 4 of the above statute.
*241 From May 1,1923, to December 31,1923, plaintiff received an allowance for rental and subsistence on account of Ms mother, but this allowance was thereafter deducted from his pay by the Comptroller General. Plaintiff has sued to recover such allowance from January 1, 1924, to June 30, 1927, and the amount theretofore paid and later deducted from his pay.
Plaintiff is his mother’s only child. During the period in question he has contributed to her support $125 per month. She is a widow fifty-eight years of age, and has had no training nor experience in business. She has lived with plaintiff continuously since plaintiff’s graduation from West Point, and has taken care of the housekeeping. Out of the monthly contribution of the $125 plaintiff’s mother purchases the household supplies, which are estimated to cost $95 per month. Aside from the contribution made by plaintiff, the mother has a net income of about $50 per month received as ground rental under a deed of trust from her mother. The gross rental amounts to $722 a year. There is a mortgage amounting to $1,400, the interest on which is paid by plaintiff’s mother, and amounts to about $70 per year. Under these facts defendant contends that the mother in this case is not in fact dependent on the son for her chief support.
Each case arising under the statutes in question must depend upon its own peculiar facts. In the opinion in the case of Chester V. Freeland v. United States, No. E-621, decided in this court January 9, 1928 [64 C. Cls. 364], it is stated, “ It is difficult to standardize the facts which disclose a condition designated in the law as ‘ chief support.’ ”
In the case of Tomlinson v. United States, decided in this court February 4, 1929 [66 C. Cls. 697], it was held that plaintiff in that case was entitled to the benefits of the statute now under consideration, although the mother owned property which yielded a fixed income of $55 per month. We believe that Congress intended, by the enactment of the statutes on this subject, to relieve officers of the Army and Navy from the necessity of providing out of their official salary for a mother who is without income sufficient for her *242 support, in accordance with her station in life. Freeland case and Tomlinson case, supra.
Plaintiff is entitled to recover the sum of $167.67, heretofore wrongfully deducted from his pay, and for rental and subsistence allowances, as claimed, from January 1, 1924, and judgment for the amount thereof will be entered on receipt of a statement from the General Accounting Office of the amount due plaintiff, in accordance with this opinion.
Sinnott, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.