Williams, Judge,
delivered the opinion of the court:
The plaintiff, an officer in the United States Army, brings this suit to recover the difference in rental and subsistence allowances between those of an officer without dependents, in which status he has been paid, and an officer with a dependent.
Claim is made for rental allowance, because of a dependent mother, from January 1, 1924, to September 10, 1927, and for subsistence allowance from January 1, 1924, to July 7, 1928.
Section 4 of the act of June 10, 1922, 42 Stat. 625, relied upon by plaintiff, provides:
“ That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for chief support.”
In James deB. Walbach v. United States, 67 C. Cls. 239, this court said:
“ We believe that Congress intended, by the enactment of the statutes on this subject, to relieve officers of the Army and Navy from the necessity of providing out of their official salary for a mother who is without income sufficient for her support, in accordance with her station in life.”
*722 And in William G. Tomlinson v. United States, 66 C. Cls. 697, 700, this court had before it a case where plaintiff’s dependent mother had approximately $10,000 worth of property, which produced an income of $55.00 monthly. We then said:
“ The main contention on behalf of the defendant is that, while plaintiff’s mother owns this property, she is not dependent upon him for her chief support; and it seems to be claimed that until this property or its proceeds have been exhausted she is not ‘ in fact dependent.’ We think the intent of the law is that where the person alleged to be dependent has property which is returning an income, the case should be determined upon the situation in which the alleged dependent is found, considering the income which she receives from the property, and then determining whether the amount necessary and proper for her support above the amount of her receipts is such that she is dependent 'for her chief support ’ upon other sources. * * * ”
The statute provides that the term “ dependent ” shall include the mother of the officer provided she is in fact dependent on him for her chief support.
In the instant case the mother of plaintiff was not only dependent on him for her chief support, but he was in fact practically her only support.. From January 1, 1924, to July 1, 1928, except for $100.00 which she earned in the spring of 1924, plaintiff’s mother received her entire support from him. No one else contributed to her support in any way. During three years of the time she lived with him in a cottage which he maintained at his own expense, and at all other times he sent her checks and money amounting to about $70.00 per month, in addition to financing a trip from Honolulu to the mainland necessary for her health.
It would be hard to conceive a plainer case of dependency of a mother than the one presented here. The mother is a widow, without property or income, in poor health, and has no one except the plaintiff to whom she can look for support. It is true she has a daughter, but the daughter is herself in poor health and is not able physically or financially to contribute to the mother’s support. The plaintiff *723 is the only person in the world upon whom the mother can either legally or morally depend for support.
It was undoubtedly the purpose of Congress to relieve officers situated as plaintiff is here from the burden of taking from salaries, barely sufficient for their own needs, monthly allowances for the support of a dependent mother.
Plaintiffs showing that his mother is dependent on him for her chief support, and also that he has dutifully and generously responded to his responsibility and furnished such support, is overwhelming and conclusive.
The plaintiff is entitled to recover, but the entry of judgment will be suspended to await the coming in of a report from the General Accounting Office showing the amount due under the court’s findings and this opinion.
LittletoN, Judge; GeeeN, Judge; Gkaham, Judge; and Booth, Chief Justice, concur.