Williams, Judge,
delivered the opinion of the court:
The plaintiff, an officer in the United States Army, brings-this suit to recover the difference in rental and subsistence allowances between those of an officer without a dependent, in which status he has been paid, and an officer with a dependent.
The facts are set out in the findings and it is not necessary to recite them here. The court having found (Finding VII) that the plaintiff’s mother is dependent upon the plaintiff for her chief support, it follows that he is entitled to recover the amount wrongfully withheld from him as rental and subsistence allowances fixed by law for an'officer of his rank with a dependent mother.
Plaintiff’s right to recover is based on section 4 of the act of June 10, 1922 (42 Stat. 625, 627):
“ Sec. 4. That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.” See Tomlinson v. United States, 66 C. Cls. 697; *70 Haas v. United States, 66 C. Cls. 718; Freeland v. United States, 64 C. Cls. 364; Walbach v. United States, 67 C. Cls. 239. Also Rieger v. United States, No. K-90, decided to-day [post, p. 632].
The subsistence allowances are to be computed from June 13, 1926, to August 24, 1928, and rental and subsistence allowances from August 24, 1928, to the date of the entering judgment herein. The entry of judgment will be made on receipt from the General Accounting Office of a statement of the amount due the plaintiff in accordance with this opinion. It is so ordered.
LittletoN, Judge; GeeeN, Judge; Graham, Judge; and Booth, Chief Justice, concur.