## TAMMANY v. UNITED STATES.
### No. H-354.

Court of Claims.
March 12, 1930.

John W. Price, of Washington, D. C. (Rees A. Gillespie, of Washington, D. C., on the brief), for plaintiff.

M. C. Masterson and Charles F. Kincheloe, both of Washington, D. C., for the United States.

Before BOOTH, Chief Justice, and GREEN, WILLIAMS, LITTLETON, and GRAHAM, Judges.

GREEN, Judge.

The plaintiff, who was commissioned an ensign on June 4, 1924, and three years later made a lieutenant, junior grade, in the United States Navy, brings this suit to recover rental and subsistence allowance because of an alleged dependency of his mother upon him. The only question in the case is whether his mother was in fact dependent upon him for her chief support, and of this the evidence leaves little doubt.

Plaintiff's mother has a small amount of property from which she receives an income of about $100 a year. She and her sister own the house in which they live, which is worth about $6,000 and upon which there is a mortgage of about $1,500. Their joint expenses in connection with the house and including household expenses are about $100 a month, which they share equally. Plaintiff's mother's individual expenses for clothing, etc., amount to about $16 a month. From July 1, 1924, to January 1, 1928, the plaintiff, by allotment from his basic pay, has contributed $50 a month for the support of his mother, and since, in the same manner, has contributed $60 a month for her support. The brother of plaintiff also contributes about $100 a year, which, considering his means and circumstances, is a reasonable contribution.

It is quite evident fom the facts above set forth that the plaintiff's mother is living in a fairly economical manner, and that she derives her chief support from the plain-

tiff's contributions. The only question that could possibly raise any doubt, if there be any, as to plaintiff being entitled to statutory allowances, arises out of the fact that the plaintiff's mother has some property. But we held in effect in Tomlinson v. United States, 66 Ct. Cl. 697, a case where the plaintiff's mother had a small amount of property, that it was not necessary that this property be exhausted before a condition of dependency could arise. We do not think that Congress intended that a dependent should be practically penniless in order to entitle her to the benefits of the statute. If we are correct in this conclusion, it is quite evident that the plaintiff is entitled to the benefits of the statute with reference to additional rental and subsistence allowance because of a dependent mother. The plaintiff is entitled to recover the amount of such rental and subsistence allowance from July 1, 1924, to June 3, 1927, inclusive, at the rate provided by law for an ensign in the Navy on sea duty, and thereafter, the amount of such rental and subsistence allowance as is provided by law for a lieutenant, junior grade, in the Navy. Judgment will be rendered therefor on receipt of a statement from the general accounting office of the amount due plaintiff in accordance with this opinion.