Williams, Judge,
delivered the opinion of the court:
The plaintiff, Commander Augustine Watchman Rieger, an officer of the United States Navy, sues to recover the difference in rental and subsistence allowances between those *636 of an officer without dependents, in which status he has been paid, and an officer with a dependent.
Between July 1, 1922, and July 1, 1926, he received rental and subsistence allowance as an officer with a dependent mother. Since July 1, 1926, he has been denied these allowances. Recovery is sought for rental allowance because of a dependent mother from July 1, 1926, to March 15, 1928, and for subsistence allowance because of a dependent mother from July 1, 1926, to date of rendering judgment herein.
Plaintiffs mother is a widow, seventy-three years old. She has been in poor health for more than ten years, requiring medical attention from time to time. Because of her age and impaired health she is unable to work and engage in any gainful occupation. She has two daughters. One is married and lives at Baltimore, Maryland. This daughter has never at any time contributed anything to her mother’s support. The other daughter is unmarried, and lives with her mother in Washington, D. C. She has an income of about $70.00 to $75.00 per month, is forty-five years old, and does not contribute anything to her' mother’s support and is unable financially to do so.
Plaintiff’s mother has an income of $48.00 per month derived from investments of proceeds obtained from the estate of her deceased husband, the father of plaintiff.
Since June, 1924, the plaintiff has made a regular monthly allotment of $130.00 per month to his mother, and also invested for her benefit funds from which she receives about $21.00 per month. The plaintiff also contributes additional amounts ranging from $10.00 to $15.00 per month to his mother as funds for entertainment.
The average living expense of plaintiff’s mother is $200.00 per month. Of this amount he contributes, by direct monthly allotment and otherwise, all but $48.00.
Section 4 of the act of June 10,1922, 42 Stat. 625, reads:
“ That the term ' dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
*637 As was said by this court in Freeland, v. United States, 64 C. Cls. 364:
“It is difficult to standardize the facts which disclose a condition designated in the law as ‘ chief support.’ ”
Each case must stand upon its own particular facts. No hard and fast rule can be laid down arbitrarily fixing the value of property owned, or the amount of income received by a mother, as entirely determinative of the question of whether she is dependent within the meaning of the statute.
We think the words “ chief support ” used in the statute should be given their ordinary and well-known meaning. “ Chief ” support means “ main ” support or “ principal ” support. We think a mother is dependent for her “ chief support” if some one else is required to furnish most, or the greater part, of the funds necessary for her reasonable support.
The total independent income of the mother is $48.00 per month. Her living costs are $200.00 per month. Considering her age, the condition of her health, and her station in life this amount can not be considered an unreasonable expenditure. But even if her living expenses were only $100.00 per month, half what they are shown to be, her own income would be less than half of the amount required for her support and she would still be dependent on the plaintiff for her “ chief ” support.
In Tomlinson v. United States, 66 C. Cls. 697, plaintiff’s mother had property valued at $10,000.00 from which she received an income of $55.00 per month. Her living expenses were from $150.00 to $200.00 per month. It was held that plaintiff was entitled to the allowances for a dependent mother.
The court having determined in the findings of fact (No. Y), that the plaintiff’s mother is in fact dependent on him for her chief support, it follows that plaintiff is entitled to recover.
Plaintiff is entitled to judgment against the defendant for rental allowances because of a dependent mother from July 1, 1926, to March 14, 1928, and for subsistence allowances *638 because of a dependent mother from July 1,1926, to January 31, 1930, in the sum of $3,195.87. And it is so ordered.
Littleton, Judge, Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.