Littleton, Judge,
delivered the opinion:
The defense in this case is, first, that the plaintiff’s mother was not, in fact, dependent upon him for her chief support since certain of his other brothers contributed to her support and, under section 206 of the code of the State of California, it was the duty of the other children to maintain their mother to the extent of their ability; secondly, that the portion of the claimed rental and subsistence allowance for the period July 1 to July 31, 1923, is barred by the statute of limitation provided in section 156 of the Judicial Code.
The facts establish that plaintiff’s mother was dependent upon him for her chief support and that, under the decided cases, he is entitled to the rental and subsistence allowances claimed. Chester V. Freeland v. United States, 64 C. Cls. 364; William G. Tomlinson v. United States, 66 C. Cls. 697; Ewart G. Haas v. United States, 66 C. Cls. 718; James DeB. Walbach v. United States, 67 C. Cls. 239.
Section 206 of the code of the State of California imposes a duty upon all the children of any poor person to maintain such person to the extent of their ability. The purpose and *360 intent of State legislatures in enacting pauper laws requiring that kindred support their dependents was to relieve the State of the obligation of caring for its improvident, .indigent, or aged citizens. These laws are purely local in effect and are of the nature of domestic police regulations. De Brimont v. Penniman, 7 Fed. Cas. 3715; Duffy v. Yordi, 149 Calif. 140; People v. Curry, 69 Calif. App. 501. Section 206 of the California Code is not controlling in the determination of the question here.
There is no merit in the claim that á portion of the allowances for the period in question is barred by the statute of limitation. The right to receive pay and allowances does not accrue until after the service has been performed at the end of the month. For the period July 1, 1923, to March 31, 1924, plaintiff actually received rental and subsistence allowance on account of his dependent mother and, subsequent to the last-mentioned date, the Comptroller General held that he was not entitled to such amounts and he was compelled to refund the allowances which he had received. His right of action did not therefore accrue until he had been compelled to refund the amount paid him from July 1, 1923, to March 31, 1924. He was compelled to make the refund subsequent to March 31, 1924. The petition was filed August 13, 1929.
Judgment will be entered in favor of plaintiff for $3,303.33. It is so ordered.
■ Whaley, Judge; Williams, Judge; GREEN, Judge; and Booth, Chief Justice, concur.