Littleton, Judge,
delivered the opinion:
This suit is based on section 4 of the act of June 10, 1922, 42 Stat. 625, 627, and sections 5 and 6 of the act of June 10, 1922, supra, as amended by the act of May 31, 1924, 43 Stat. 250.
Plaintiff insists that his mother was dependent upon him for her chief support and that his monthly contribution of $165 entitles him to increased rental and subsistence allowances for an officer of his station with dependents.
Counsel for the defendant argues that plaintiff’s mother lived extravagantly and that a reasonable allowance for her living expenses would be $160 per month and that dependency in fact not having been shown plaintiff is not entitled to recover rental and subsistence allowances claimed. Under the facts we think the defense is without merit. The living expenses of plaintiff’s mother, including rent, food, clothing, medical attention, and other necessities of life, in the amount shown by the facts were no more than reasonable in her situation and station in life. Under the well-established rule announced in prior decisions of this court, plaintiff is entitled to recover. Freeland v. United States, 64 C. Cls. 364; Tomlinson v. United States, 66 C. Cls. 697; Walbach v. *680 United States, 67 C. Cls. 239; Haas v. United States, 66 C. Cls. 718; Bertschy v. United States, decided by this court June 16, 1930. [70 C. Cls. 786.]
Plaintiff asks that judgment be entered for the amount of the increased rental and subsistence allowances to the date of judgment herein, but since the facts establish dependency only to May 26, 1930, the last date on which testimony was taken, the court can enter judgment for the increased rental and subsistence allowances only to that date. Entry of judgment will be withheld pending the filing of a more exact computation of the amount due by the General Accounting Office.
Whaley, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.