*445 MEMORANDUM BY THE COURT
The plaintiff is entitled to a judgment, for it clearly appears that, except for his contributions by way of allotment, assignment of his interest in his father’s estate and his other expenditures made in‘connection with the household in Annapolis, the plaintiff’s dependent had a wholly inadequate income necessary for her years.
For many years before the beginning of the period of this claim, and when a junior lieutenant of the Navy, the plaintiff, due to his mother’s financial status, was contributing to her support by allotments from his pay $75 to $100 per month, except during the period from October 31, 1925, to March 31, 1927, when he contributed $40 per month, due apparently to the betterment of his mother’s other income, and except for the period from May 6, 1925, to October 31, 1925, during which time the plaintiff was refunding the major portion if not the whole of the $939.60 rechecked against his pay because of the adverse ruling and requirement of the Comptroller General’s Office, and which *446 sum, as is apparent from the findings, he was entitled to draw and should not have been required to refund.
The defendant makes much of the contention that during the period of the said six months the plaintiff’s contribution was only the $19 per month received by him from his father’s estate, citing Robey v. United States, 71 C. Cls. 561, holding that the statutory dependency allowances are in reality the reimbursement for expenses actually incurred.
The Robey case does not sustain the defendant’s contention here. There the plaintiff claimed dependency allowance for a period of 4% years, during which time he and his wife were separated, each charging the other with desertion, and that plaintiff made no contribution to his wife’s support except for a period of six months, at $60 per month, to stay a threat of being jailed. The court very rightly held that the intent of the act contemplated a partial reimbursement of actual expenses incurred on behalf of a dependent and not extra pay for a mere technical status of a married' man.
The plaintiff cites the decision in Freeland v. United States, 64 C. Cls. 364, in which it was shown that the plaintiff’s dependent, his mother, although living with relatives, was required to pay for her room and board $9 per week, and that her salary was inadequate to meet even this expense. In the consideration of the intent of the statute the decision states in part (p. 367) :
“ It is difficult to standardize the facts which disclose a condition designated in the law as ‘.chief support.’ Surely it was not intended by this provision to warrant a refusal of the allowance because, perchance, the dependent was able to earn something and others might in a small way contribute to the dependent’s living expenses. The plaintiff was the dependent’s only son. No one of her immediate family was a person of affluence, and with the contributions made by plaintiff it is assuredly established that without the $40.00 monthly allowance the mother would have been in dire distress. As it was she was able to live, provided sickness and misfortune did not overtake her. The plaintiff’s contribution clearly indicates that it was upon him the mother chiefly relied for support. We say chief/y not upon a mathematical or pro rata computation ’of the sums she received for labor and from the plaintiff but together *447 with all the facts and circumstances surrounding the situation * *
It might have been added that neither did the statute contemplate a day to day showing by the plaintiff of that dependency which clearly existed throughout the period of the claim. In the present instance, as in the Freeland case, supra, it can be appropriately said that the contributions made her by this plaintiff were “ indeed and in faqt the chief obstacle to approaching poverty or absolute dependence upon either public charity or the generosity of friends.”