Green, Judge,
delivered the opinion:
Plaintiff brings this suit to recover rental and subsistence allowances to which he claims to be entitled by reason of having had a dependent mother during the period in question. The burden of proof is upon the plaintiff to show that the mother was in fact dependent upon him for her chief support during the period for which he makes the claim, and an examination of the testimony shows that it is insufficient. During the period in question, the plaintiff's mother had a cash income of $109.50 a month and in addition thereto owned or occupied a homestead which was worth about $10,000. Two unmarried daughters lived with her and took care of her. It is true that without such care the mother would have required an attendant, but this was about balanced by the mother giving these daughters a home and being their chief support so far as the evidence shows. In order to entitle the plaintiff to recover, he would have to show that the reasonable and necessary expenses for the care and support of his mother during the period in question were at least $220 a month, exclusive of the use of the homestead which she occupied. Unless this was done, it would not appear that the plaintiff was the chief support of his mother, which is required by the statute in order to make him entitled to the allowances which he claims. But the evidence does not even show what the reasonable and necessary expenses of the plaintiff’s mother were, except as can be inferred from the evidence which is summed up in the findings, and this evidence tends to refute rather than to sustain plaintiff’s claim.
What we have said above makes it unnecessary for us to determine whether the mere fact that plaintiff’s mother was the owner of over $30,000 worth of property prevents her from being regarded as a dependent upon the plaintiff within the meaning of the law.
The petition of plaintiff must be dismissed, and it is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.