Littleton, Judge,
delivered the opinion:
The question in this case is whether plaintiff’s mother was in fact dependent upon him for her chief support. The facts show that she received no support or contributions from any source other than from the plaintiff, who paid all her living expenses and also paid her various sums in cash. During the time she was not living with him he contributed from $110 to $125 a month for her support and maintenance. She received no income of her own from any source. Certain property which she owned, and which had a value, was heavily mortgaged. Other unimproved property in which she had a dower interest produced no income and was sold in the period of this claim for accrued taxes. During the period of this claim this property produced no net income, but, on the contrary, the mother sustained a loss thereon of $1,975.47, which her son, a brother of the plaintiff, paid from his private funds. Under these circumstances the plaintiff’s mother was dependent upon him for her chief support, and he is entitled to judgment for the increased allowances provided by the statute. Freeland v. United States, 64 C. Cls. *476 364; Tomlinson v. United States, 66 C. Cls. 697; Haas v. United States, 66 C. Cls. 718; Walbach v. United States, 67 C. Cls. 239.
The allowances provided by the statute for an officer whose mother is dependent upon him for her chief support were apparently denied to the plaintiff on the ground that during-the period of the claim she had an interest in certain unimproved property and owned certain property which she had acquired with a portion of the money received by her from her husband upon his death in 1891. The property which she purchased was acquired as an investment, but during the period of this claim the expenses incident to the maintenance and upkeep exceeded the income received therefrom.
The statute providing for the allowances to an officer on account of a dependent mother does not require that the mother be absolutely dependent upon the officer for support. It provides that he shall be entitled to the increased allowances if she is in fact dependent upon him for her chief support. We think it would be going beyond the intent and purpose of the act to hold that before an officer may receive a statutory allowance the mother must render herself destitute and be entirely dependent upon him. Nor do we think the statute goes to the extent of authorizing the court to substitute its judgment for that of the mother as to the manner in which any funds she may have should be invested or as to the kind of property or securities in which they should be invested. The act gives no indication of a purpose on the part of the Government to prescribe a standard of living for the mother of an officer, and, so long as her mode of living reasonably conforms to her station in life, the allowance to the officer should not be denied, because the mother might deny herself some of the comforts and necessities which do not appear under the circumstances to be unreasonable. In Tomlinson v. United States, supra, this court said: “The main contention on behalf of the defendant is that while plaintiff’s mother owns this property she is not dependent upon him for her chief support; and it seems to be claimed that until this property or its proceeds have been exhausted she is not ‘in fact dependent.’ We think the intent *477 of tbe law is that where the person alleged to be dependent has property which is returning an income, the case should be determined upon the situation in which the alleged dependent is found, considering the income which she receives from the property, and then determining whether the amount necessary and proper for her support above the amount of her receipts is such that she is dependent ‘for her chief support’ upon other sources. This view finds support in the case of United States v. Purdy, 38 Fed. 902.”
The report of the congressional committee accompanying the bill, which became the act of June 10, 1922, stated that “it accepts family fife and its greater requirements as the normal condition of existence. It recognizes abnormal conditions inherent in military and naval services, frequent changes of station, and family separations.” Congress must have known that there would be many cases where the mother of an officer would own some property and would be in the receipt of income in some amount, and we think that had Congress intended that the mother of an officer should not be regarded as dependent upon him for her chief support so long as she owns property of a value which, if sold, would produce an amount sufficient for her chief support for a time it would have so provided in the act.
The record discloses that the allowances of $153.07 for the period July 1 to December 31, 1923, subsequently deducted from his pay, and the allowances to which he is entitled from September 8, 1924, to and including September 9, 1930, amount to $2,925.20. Plaintiff, however, sues to recover these allowances from September 8, 1924, to the date of judgment. Dependency is shown on and prior to January 28, 1931, the last date on which testimony was taken; however, plaintiff may submit further proof showing, if such be the fact, dependency subsequent to January 28, 1931.
Judgment will be entered on receipt from the General Accounting Office of a statement of the amount due the plaintiff in accordance with this opinion.
Whaley, Judge; Williams, Judge; Green, Judge; and Booth, Chief Justice, concur.