Williams, Judge,
delivered the opinion of the court:
The plaintiff, Arthur L. Bristol, a captain in the United States Navy, seeks to recover rental and subsistence allowances on account of a dependent mother for the period from July 1, 1925, to date of judgment, pursuant to section 4 of the act of June 10, 1922, 42 Stat. 625, 627, which provides as-follows:
“ Sec. 4. That the term ‘ dependent ’ as used in the succeeding sections of this act shall include at all times and in all places a lawful wife and unmarried children under-twenty-one years o'f age. It shall also include the mother of the officer provided she is in fact dependent on him for her chief support.”
The plaintiff and the defendant have each requested the court to find the facts as they are stated in the findings. The only question for decision, therefore, is: Was the plaintiff’s mother during the period of ths claim in fact dependent on him for her chief support?
In 1918 the plaintiff’s father died, leaving his widow,, plaintiff’s mother, no property of any description. She is now 71 years of age, and was 65 at the beginning of the-claim. She has during the entire period of the claim been in poor health and unable to engage in any gainful occupation. During a considerable portion of the time she has been, confined to a hospital for treatment. The expenses incident- *289 to her hospitalization were paid by the plaintiff, he giving to her on different occasions, $500, $300, and $100. In addition to this he contributed, by regular allotment through the •bank, $140.00 a month for her support.
The mother lived in Charleston, South Carolina, in a house erected in 1916 by the plaintiff and his brother, Kenneth E. Bristol, the title being in her name. The original cost of -the house was $13,000, on which, at the beginning of the •claim, there was a mortgage of $7,000. The mother received no income from this property. She received, however, from her son Kenneth, the plaintiff’s brother, $60 a month for his room and board, she paying the grocery, light, water, and gas bills. Aside from the plaintiff’s contribution of $140 per month, and the $60 a month she received from the plaintiff’s brother for room and board, the mother had no income •of any kind or character. Her living expenses aggregated ■$200 per month, which, considering her age and the condition of her health, appears to have been reasonable and ■necessary.
The question of what constitutes the dependency of a mother under section 4 of the act of June 10, 1922, has been ■before this court many times. In Rieger v. United, States, 69 C.Cls. 632, we said:
“We think the words ‘ chief support ’ used in the statute ■should be given their ordinary and well-known meaning. ‘ Chief ’ support means ‘ main ’ support or ‘ principal ’ support. We think a mother is dependent for her £ chief support’ if some one else is required to furnish most, or the greater part, of the funds necessary for her reasonable support.”
Except for the contribution of $140.00 a month made by the plaintiff to his mother, she would have had no means of support whatever, other than whatever profit she may have derived out of the $60 a month received by her from her son Kenneth for room and board. What this profit was is not shown but it is very evident that it, alone, would not have been sufficient to pay her hospital bills, and without the contributions of the plaintiff she would have had nothing whatever for food, clothing, medicine, and other necessaries of *290 life. It is hard to conceive of a clearer case of the dependency of a mother of an officer than is revealed by this record. Under the numerous and uniform decisions of this court, the plaintiff is entitled to recover the increased rental and subsistence allowances provided by law for an officer of his rank, because of a dependent mother, from August 1, 1925, to the date of entry of judgment herein. Tomlinson v. United States, 66 C.Cls. 697; Haas v. United States, 66 C.Cls. 718; Freeland v. United States, 64 C.Cls. 364; Norris v. United States, 68 C.Cls. 719; Samouce v. United States, 69 C.Cls. 65; Huske v. United States, 72 C.Cls. 306; Caudle v. United States, 72 C.Cls. 331; Page v. United States, 73 C.Cls. 626; Holmes v. United States, 73 C.Cls. 693.
Entry of judgment will await the coming in of a report from the General Accounting Office showing the amount of the allowances due the plaintiff in accordance with the opinion. It is so ordered.
Whaley, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.