Whaley, Ohief Justice,
delivered the opinion of the court:
This action is brought to recover increased rental and subsistence allowances on account of a dependent mother under Sections 4, 5, and 6 of the Act of June 10, 1922, 42 *493 Stat. 625, 627, as amended by the Act of May 31, 1924, 43 Stat. 250. Section 4 is the particular one herein involved and reads as follows:
That the term “dependent” as used in the succeeding sections of this Act. shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age.. It shall also include the mother of the officer provided she is in fact dependent upon him for her chief support. *497 sion over the same of the mails, the troops, and the munitions of war of the United States than the rate per mile paid for the transportation over any railroad, street railway, or public highway leading to said bridge; and the United States shall have the right to construct, maintain, and repair, without any charge therefor, telegraph and telephone lines across and upon said bridge and its approaches; * * *.
*493 The facts in this case conclusively show that plaintiff’s mother was dependent upon him for her chief support and the mere fact that she owned a small amount of property does not preclude recovery. Tomlinson v. United States, 66 C. Cls. 697, and Tammany v. United States, 69 C. Cls. 687.
The plaintiff is entitled to recover for the period from June 6, 1935, to July 30, 1938. Entry of judgment will be suspended to await the coming in of a report from the General Accounting Office showing the amount due plaintiff in accordance with this opinion. It is so ordered.
Williams, Judge; Littleton, Judge; and Green, Judge, concur.
Whitaker, Judge, took no part in the decision of this case.
Upon the report from the General Accounting Office, filed December 22,1939, judgment for $1,544.40 was entered January 8,1940.