*536 OPINION
Per Curiam:
The statutory allowance herein claimed by plaintiff which is authorized to be paid to an officer of his rank whose mother is in fact dependent upon him for her chief support was denied him on the ground that plaintiff’s father was living and that it was the duty of the father to support plaintiff’s mother. The statute provides simply “That the term ‘dependent’ as used in the succeeding *537 sections of this Act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also i/nclude the mother of the officer provided she is m fact dependent on him for her chief support” (Italics ours.) The facts in this case show that during the period of the claim plaintiff’s mother was in fact dependent upon him for her chief support within the meaning of the statute, and plaintiff is entitled to recover. Freeling v. United States, 64 C. Cls. 364; Haas v. United States, 66 C. Cls. 718; Abson v. United States, 73 C. Cls. 442; Bradley v. United States, 74 C. Cls. 521.
Judgment for the amount due will be entered upon receipt of a computation showing the amount due. It is so ordered.
On May 6, 1940, on report from the General Accounting Office, judgment was entered in the sum of $4,406.59.