Green, Judge,
delivered the opinion of the court:
Plaintiff, a commissioned officer in the United States Navy, with the rank of lieutenant, junior grade, brings this suit to recover rental and subsistence allowances on account of a dependent mother from December 1, 1935, to November 1, 1938, in which latter month he married.
There is no controversy over the facts in the case. Plaintiff’s mother is a widow, who, during the period involved, was the owner of a small amount of property from which in the year 1936 she derived an income of $331; in the year 1937, $311; and in the year 1938, $300.
*135 Plaintiff's family consists of his mother and his sister, a minor child, who at no time during the period of the claim has been gainfully employed or contributed to the support of her mother. Plaintiff’s mother and sister have lived in a home maintained by him from December 1,1935, to September 7, 1937, and during June, July, and August of 1938. Plaintiff’s sister attended the University of Kansas during the school year 1937-38, and in September 1938 enrolled in the Colorado Agricultural School, Fort Collins, Colorado. During the period of this claim the sister has been supported by the plaintiff or her mother and it has been necessary for the mother to use for the support of her daughter all the income from the property she owned.
Finding 4 shows that during a part of the time covered by the claim plaintiff’s mother kept house for him and was not otherwise employed. The remainder of the time, as specified in the findings, she had employment for which she received $45 a month in addition to room and board.
The household expenses of plaintiff’s home averaged about $128 a month, to which he contributed an average amount of $125, and also made occasional small contributions to his mother for clothes and traveling expenses.
Finding 6 is with reference to the amount the plaintiff received from the Government, which did not include an allowance for a dependent mother.
We have heretofore held in dependent mother cases, see Tomlinson v. United States, 66 C. Cls. 697, that where the mother has a small amount of property the income of which is not sufficient to support her, the law does not require-that she should make herself penniless by using up this fund before her son can make a claim on account of her dependency. She is, however, required to account for the income received from the property which she holds in determining the question of her dependency. In this particular case the mother used the income of her property in sending her daughter to collegiate institutions and the daughter’s support generally. This was a proper expense on her part. The law, however, does not provide for the support of minor children but only for the mother herself. *136 Her income therefore must be considered in determining whether the plaintiff was her chief support.
There is no direct evidence as to what would be the reasonable expense incurred in supporting plaintiff’s mother separate and alone. During a greater part of the period in controversy the plaintiff maintained a household in which his mother acted as housekeeper. She was not otherwise employed during this period and received nothing from plaintiff except some small contributions for clothes and traveling expenses. The expenses of maintaining this household were about $128 a month and without determining the precise share of the expenses caused by the mother "being supported in this manner, we think the evidence shows that the cost to plaintiff of her necessary support exceeded the amount of income from her property and we therefore conclude that plaintiff was her chief support during the period when she acted as his housekeeper. In making this finding we do not take into consideration the services rendered by the mother. They were not contractual but presumably given on account of love and affection. If we were considering the support of a wife instead of the mother no one would contend that the housekeeping services which she rendered should be taken into consideration and we think the principle is the same here.
The only matter as to which the defendant makes serious contention relates to the period of the school year during which plaintiff’s mother was employed as chaperon, for which service as stated above she received $45 a month in addition to her room and board. There is no direct evidence as to whether $45 a month would pay the reasonable expenses of plaintiff’s mother outside of room and board, and we must determine this question from all the surrounding facts and circumstances shown by the evidence. We think it would be sufficient for that purpose but if there be any doubt on that point the fact that the mother was receiving other income at this time is material and when this fact is considered it leaves no doubt. We are not undertaking to lay down any general rule as to the amount which should be allowed for the support of a dependent mother. As was said in Tomlinson v. United States, supra, *137 “different circumstances might require a different holding.”
We have found that plaintiff’s mother was in fact dependent on him for her chief support during the period she was a member of his household and acting as his housekeeper, the length of which is shown in the findings. We have further found that his mother was not in fact dependent on him during the period she was acting as chaperon and receiving a salary besides her board and room, which is also shown by the findings.
Plaintiff is entitled to recover but in order to determine the amount of his recovery the matter is referred to the General Accounting Office for a computation and report as to the amount due him in accordance with the findings and this opinion. When this report is received judgment will be entered in his favor. It is so ordered.
Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision in this case.
Upon the report from the General Accounting Office, filed December 11, 1940, the Court in accordance with the above opinion on January 6, 1941, entered judgment for the plaintiff in the sum of $1,230.13.