Jones, Judge,
delivered the opinion of the court:
The plaintiff, James L. Plarbaugh, Jr., a captain in the United States Army, seeks to recover rental and subsistence allowances on account of a dependent mother for the period from September 1, 1936, to date of judgment.
The claim is based upon Section 4 of the Act of June 10, 1922, 42 Stat. 625, 627, which reads as follows:
Seo. 4. That the term “dependent” as used in the succeeding sections of this Act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also include the mother of the officer provided she is in fact dependent upon him for her chief support.
The only point at issue is whether plaintiff’s mother was, during the period of the claim, actually dependent upon him for her chief support.
*486 Plaintiff’s father, James L. Harbaugh, Sr., is 78 years of age and during the period of the claim has at all times resided with plaintiff’s mother. While formerly engaged in business, he became insolvent in 1930, and since that time, except for a period of about six months during 1931 when he had part-time employment in a luggage establishment, he has been unable to obtain employment of any kind. He owns no income producing property, and because of his inability to obtain employment has contributed nothing to the support of his wife, plaintiff’s mother, since 1930.
Plaintiff’s mother, Minnie F. Harbaugh, is 71 years of age. She was formerly employed as secretary of the Sacramento Federation of Churches at a salary of $60.00 per month, except for the last month of such employment, when she received only $20.00. Because of illness and advancing age she resigned her position on October 1, 1936, since which time she has had no employment of any nature. She owns no real property, and her only source of income is certain stocks from which she derives two or three dollars per month.
Plaintiff’s mother and father reside in Sacramento, California, in a rented house. Plaintiff’s brother, Wellington Harbaugh, is employed by a San Francisco firm as a traveling salesman. His occupation requires him to be in Sacramento approximately half the time, and when there he lives with his parents.
During the period September 1, 1936 to July 1, 1939. the joint average monthly living expenses of plaintiff’s mother, father and brother amounted to about $142.00, of which about $65.00 is attributable to the mother, $50.00 to the father and the remainder to the son Wellington.
Since July 1, 1939, because of the father’s illness, necessitating the hiring of a full-time maid to assist the mother, and an increase in rent, these living expenses have increased to $160.00 per month. Taking into consideration the age and condition of the health of plaintiff’s parents, these living expenses appear reasonable and necessary.
From September 1, 1936, to July 1, 1939, plaintiff contributed $76.00 per month to his mother, and since July 1, 1939, he has contributed $100.00 per month to her.
*487 Throughout this period plaintiff’s brother Wellington has contributed $60.00 per month to his father, such contribution to cover the portion of the living expenses attributable to Wellington when he is staying with his parents.
The only other income of the plaintiff’s parents is the small amount realized from the mother’s stocks and $25.00 in cash given her at Christmas, 1936, by her former employers.
This court has many times had before it the question of what constitutes the dependency of a mother under Section 4 of the Act of June 10, 1922, supra. In Rieger v. United States, 69 C. Cls. 632, 637, the court said:
We think the words “chief support” used in this statute should be given their ordinary and well-known meaning. “Chief” support means “main” support or “principal” support. We think a mother is dependent for her “chief support” if someone else is required to furnish most, or the greater part, of the funds necessary for her reasonable support.
Except for the amount contributed by plaintiff to his mother, she would have had no means of support whatever, beyond the inconsequential amount received as dividends upon her stocks. It would be hard to find a clearer case of the dependency of the mother of an officer than is shown by this record. Under the numerous and uniform decisions of this court the plaintiff is entitled to recover the increased rental and subsistence allowances provided by law for an officer of his rank because of a dependent mother from September 1, 1936, to date of judgment herein. Freeland v. United States, 64 C. Cls. 364; Rieger v. United States, supra; Bristol v. United States, 76 C. Cls. 286.
Entry of judgment will await the receipt of a report from the General Accounting Office showing the amount of the allowances due the plaintiff in accordance with this opinion. It is so ordered.
MaddeN, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.