## GARCIA v. UNITED STATES.

### No. 46017.

Court of Claims.

Nov. 3, 1947.

Mahlon C. Masterson, of Washington, D. C. (Ansell & Ansell of Washington, D. C., on the brief), for plaintiff.

Mary K. Fagin, of Washington, D. C., and Peyton Ford, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and HOWELL, MADDEN WHITAKER and LITTLETON, Judges.

JONES, Chief Justice.

Plaintiff, a first lieutenant in the United States Army, brings this suit to recover rental and subsistence allowances on account of a dependent mother for the period from January 4, 1941, to February 22, 1942, the date of his marriage.

The claim is based upon Section 4 of the Act of June 10, 1922, 42 Stat. 625, 627, 37 U.S.C.A. § 8, which reads as follows: "Sec. 4. That the term 'dependent' as used in the succeeding sections of this Act shall include at all times and in all places a lawful wife and unmarried children under twenty-one years of age. It shall also in-

clude the mother of the officer provided she is in fact dependent on him for her chief support."

The sole question at issue is whether plaintiff's mother was, during the period of the claim, actually dependent upon him for her chief support.

Plaintiff's mother is a widow, her husband having died in 1919. During the period covered by this claim she was about 62 years of age, and in very poor health. Besides plaintiff she had one other child, a daughter. The daughter is married, has no income of her own, and has contributed nothing to the mother's support.

Except as hereinafter set out, during the period covered by the claim plaintiff's mother lived in a rented house in San Juan, Puerto Rico. Her household and living expenses, not including medical expenses which averaged about $15 a month, were more than $100 a month. Her mother, who was 84 years of age, lived with her and paid her approximately $25 a month for her room and board. From December 13, 1941, to February 22, 1942, she lived in the home of her daughter and son-in-law. On other occasions, usually because of illness in the daughter's family, plaintiff's mother paid short visits to her daughter. At such times her son-in-law gave her small amounts of money, but the money so contributed did not constitute her main support.

Plaintiff's mother, together with other heirs, owned an undivided interest in a tract of sugarcane land, the mother's interest being 21.43 acres. She received no income therefrom, however, such interest being subject to a life estate in an aunt. She also owned provisionally two-thirds of a credit mortgage for $5,000, from which she received $266.66 a year as interest. She also received gifts from the aforementioned aunt amounting to about $240 a year.

During the period covered by the claim, and for many years prior thereto, plaintiff contributed $40 a month in cash regularly to his mother's support. In addition he paid bills at the commissary averaging about $35 a month, and from time to time expended other amounts for medical expenses.

Plaintiff lived part of the time in barracks, sharing a large room with 30 or 40 other officers, and part of the time in a one-room tent. Neither he nor his mother occupied Government quarters, none being available.

We think the plaintiff was the mother's chief support during the period covered by the claim. His contribution amounted to more than half of her expenditures, and without it she would have been in financial distress. Rieger v. United States, 69 C.Cl. 632, 637; Harbaugh v. United States, 93 C.Cl. 483; Stott v. United States, 102 C.Cl. 811.

Plaintiff is entitled to recover the increased rental and subsistence allowances provided by law for an officer of his rank and length of service because of a dependant mother from January 4, 1941, to February 22, 1942, in the sum of $1,067. It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, JJ., concur.