## SPALDING v. UNITED STATES.
### No. 48493.

United States Court of Claims.
June 5, 1950.

Geoffrey Creyke, Jr., Washington, D. C., for the plaintiff.

S. R. Gamer, Washington, D. C., with whom was Assistant Attorney General H. G. Morison, for the defendant.

Before JONES, C. J., and LITTLETON, WHITAKER, MADDEN and HOWELL, JJ.

LITTLETON, Judge.

The plaintiff, a Lieutenant in the Navy, brought this suit to recover $4,222.90, representing the increased rental and subsistence allowances authorized by law to be paid to an officer of his rank having a mother dependent upon him for her chief support. The claim covers the period from May 20, 1942, to September 4, 1945, and the sum above-mentioned is the correct amount due if plaintiff is entitled to recover.

Plaintiff's mother owned the home in which she lived with her daughter and grandson (findings 4 and 7). She also owned other property and received from these sources an average monthly income of $265.13. This income was substantially more than twice the amount of plaintiff's average monthly contribution of $103.79 to his mother. Plaintiff's sister carried the major burden of the household duties, since the health of the mother was such that she required assistance with such duties. The expenses of maintaining the household for Mrs. Spalding, her daughter, and grandson, including taxes, insurance, medical expense, clothing, incidentals, and maintenance and operation of an automobile, were $300 a month (finding 8).

In view of these facts we cannot hold that plaintiff's mother was dependent upon him for her chief support within the meaning of Section 4 of the statute, 37 U.S.C.A. § 8, which provides "That the term 'dependent' * * * shall include * * * the mother of the officer provided she is in fact dependent upon him for her chief support." Actually and in fact, plaintiff's mother was dependent upon him to the extent of an average of about $35 a month since the independent income of the mother amounting to $265 a month was sufficient to take care of the balance of the household and living expenses, including those of the daughter and grandson. Griffin v. United States, 74 Ct.Cl. 292; Odlin v. United States, 74 Ct.Cl. 633; Stephenson v. United States, 70 F.Supp. 129, 108 Ct.Cl. 357, 365; Garcia v. United States, 73 F. Supp. 968, 109 Ct.Cl. 523, 528.

In Rieger v. United States, 69 Ct.Cl. 632, 637, the court said: "We think the words 'chief support' used in the statute should be given their ordinary and well-known meaning. 'Chief' support means 'main' support or 'principal' support. We think a mother is dependent for her 'chief support' if someone else is required to furnish most, or the greater part, of the funds necessary for her reasonable support."

The rule announced in the cases cited above has been consistently applied to cases presenting facts such as those set forth in the findings herein. The fact that plaintiff's sister lived with and assisted the mother with the household duties, and possibly other matters, and thereby saved the cost of a servant, cannot be regarded as having any material bearing upon the question presented. If the value of the services which she rendered were greater than the value of what she received for herself and her son, that was her contribution.

On the evidence of record, we have found that plaintiff's mother was not in fact dependent upon him for her chief support.

Plaintiff is not, therefore, entitled to recover and his petition is dismissed. It is so ordered.