LittletoN, Judge,
delivered the opinion:
Plaintiff has been paid since June 19, 1926, a subsistence allowance of 60 cents a day, as provided in section 5 of the act of June 10, 1922, 42 Stat. 628, as amended by the act of May 31, 1924, 43 Stat. 250, and a monthly rental allowance of $20, as provided in section 6 of the said act, for an officer of his rank without a dependent.
Plaintiff claims that from and after his appointment on June 19,1926, his mother was in fact dependent upon him for her chief support within the meaning of section 4 of the act of June 10, 1922, supra. If his claim is correct he is entitled under sections 5 and 6 of the act to recover additional subsistence allowance of 60 cents a day and additional rental allowance of $20 a month from June 19, 1926.
The entire wealth of plaintiff’s mother did not exceed $6,240, consisting of $1,000 in a savings bank, $5,000 invested in a real estate mortgage, and two vacant lots in Portsmouth, Virginia, of doubtful value. This amount represented the remainder of the property and insurance received by her from her husband at the time of his death December 19, 1920. We have held that it is not necessary in every case for the mother to exhaust the value of her property in which she may have her funds invested for her own support in order to become chiefly dependent upon her *526 son. Tomlinson v. United States, 66 C. Cls. 697. From and after June 19, 1926, plaintiff’s mother bad no income other than contributions received from the plaintiff except the interest received by her from a mortgage, bank deposits, and her salary while employed at the Y. W. C. A., Lakewood, New Jersey, for a few months during 1929 and 1930. Unless therefore, the income received by the mother was sufficient chiefly to support her she was in fact dependent upon the plaintiff for her chief support.
The actual annual living expenses and income of plaintiff’s mother and the amount of her income a month were as follows:

Upon the facts in this case we are of opinion that plaintiff’s mother was in fact dependent upon him for her chief support within the meaning of section 4 of the act of June 10, 1922. Freeland v. United States, L-372, decided this date [ante, p. 471]. He is, therefore, entitled to recover the additional subsistence and rental allowances claimed and fixed by law for an officer of his rank with a dependent mother from June 19, 1926, to date of judgment herein.
July 7, 1931, was the last date on which testimony showing dependency was taken. Plaintiff may submit further proof showing, if such be the fact, dependency subsequent to July 7, 1931.
Judgment will be entered on receipt from the General Accounting Office of a statement of the amount due plaintiff in accordance with this opinion. It is so ordered.
Whaley, Judge; Williams, Judge; GreeN, Judge; and Booth, Chief Justice, concur.