LittletoN, Judge,
delivered the opinion:
Plaintiff sues to recover increased subsistence and rental allowances of sixty cents a day and twenty dollars a month, respectively, under sections 5 and 6 of the act of June 10, 1922, 42 Stat. 628, as amended by the act of May 31, 1924, 43 Stat. 250, on the ground that from and after July 3, 1925, his mother was in fact dependent upon him for her chief support within the meaning of section 4 of the act of June 10, 1922, supra.
The position of the defendant is, first, that the evidence does not satisfactorily show the amount of the mother’s living expenses and, therefore, chief dependency has not been established, and secondly, that it is entitled to recover from the plaintiff $378.17, representing the balance paid to *512 him for commutation of quarters, heat, and light for the period from December 28, 1920, to July 29, 1921, which has not been checked against his pay. The basis of this claim is that plaintiff is not entitled to these allowances under the act of April 16,-1918, 40 Stat. 530, for the reason that during said period plaintiff’s mother was living with her husband in their own home, and was being furnished heat, light, and quarters by him. The plaintiff consents to this offset.
On the first point we are satisfied from the evidence that the living expenses of plaintiff’s mother were at least $125 a month, and have- so found. The record indicates that the increased allowances claimed by plaintiff from and after July 3, 1925, were denied him on the ground that his mother could have sold all of the property owned by her, including her home of the value of $3,000, and with her total wealth of approximately $9,800 she could have purchased an annuity which, at her age of 49 years, would have produced a sufficient return to constitute her chief support. In our opinion the act should not be soi strictly construed. But assuming that plaintiff’s mother had used $9,800 to purchase an annuity, it would not have produced an income of more than $54 a month, which would have been insufficient to constitute her chief support on the basis of her reasonable and necessary living expenses of $125 a month, as established by the facts in this case. We do not think Congress intended that so strict a rule should be applied in determining whether the mother was in fact dependent upon the officer for her chief support. In the great majority of these cases involving money allowances the officer is away from home and is constantly changing his, post of duty. In the act of June 10, 1922, Congress fixed the base pay and the subsistence and rental allowances of an officer without a dependent at certain amounts, according to rank. It then provided for certain increases in these money, allowances for an officer having a family, and for an officer, whether, married or single, if his mother was in fact dependent upon him for her chief support. The question of chief dependency therefore arises only as to the mother of the officer, and we think in those cases where the mother owns some property or has *513 an income in some amount, Congress intended that the fact of whether she is dependent upon her son for chief support should be determined on a fair and reasonable basis. We think it would be going beyond the intent and purpose of the act for the court to substitute its judgment for that of the mother and her son as to the way in which any funds the mother may have should be invested, or the kind of property or securities in which they should be invested, if it is shown that such funds have been handled by the mother in a reasonable way. The act gives no indication of a purpose on the part of the Government to prescribe a standard of living for the mother of an officer. So long, therefore, as her mode of living reasonably conforms to her station in life, the allowances to the officer should not be denied because the mother might deny herself some of the comforts and necessities which do not appear under the circumstances to be unreasonable. Tomlinson v. United States, 66 C. Cls. 697; Haas v. United States, 66 C. Cls. 718; Freeland v. United States, 64 C. Cls. 364. It seems obvious that Congress did not intend to charge the mother with the highest degree of financial ability. In determining whether the mother was in fact dependent upon her son for her chief support, it is our opinion that the statute does not require, as a condition to the payment of the statutory allowances, that the mother be charged with the greatest possible return on her total wealth, as distinguished from what she actually received. In Freeland v. United States, supra, the court said: “ Congress recognized that the officer’s pay, in view of the increased cost of living, was not too great, and added the provisions cited above, and as said by the committee in its report on the bill, ‘ it accepts family life and its greater requirements as the normal condition of existence. It recognizes abnormal conditions inherent in military and naval services, frequent changes of station, and family separations.’ ”■ In cases such as the one under consideration it is not unreasonable for the mother to invest her surplus funds in such a way as to have them quickly available in the event of an emergency.
The facts show that the income of the mother from her. investments did not exceed $41.33 a month at -any time. *514 In these circumstances we are of opinion that plaintiff’s mother was in fact dependent upon him for her chief support from and after July 3, 1925, within the meaning of section 4 of the act of June 10,1922, 42 Stat. 628, as amended by the act of May 31, 1924, 43 Stat. 250. Bradley v. United States, 74 C. Cls. 521. Plaintiff is entitled to recover'the additional subsistence and rental allowances claimed and fixed by law for an officer of his rank with a dependent mother from and after July 3, 1925, with the exception of the months above mentioned. Plaintiff consents to the offset of $378.17 against such amount as the court may allow him for the period subsequent to July 3, 1925.
March 27, 1931, was the last date on which testimony showing dependency was taken. Further proof may be submitted to show, if such be the fact, dependency subsequently thereto.
Judgment will be entered upon receipt from the General Accounting Office of a statement of the amount due the plaintiff in accordance with this opinion.
Whaley, Judge; Williams, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.