LittletoN, Judge,
delivered the opinion of the court:
The first question in this case is whether plaintiff’s mother was in fact dependent upon him for her chief support within the meaning of section 4 of the Act of June 10,1922, 42 Stat. 625, as amended by the Act of May 31, 1924, 43 Stat. 250. This issue arises by reason of renewal by counsel for defendant of the contention made and overruled in prior cases that if defendant’s mother had pursued a different business policy in connection with the property she owned, or in which she had an interest, by selling certain properties and making ' expensive repairs to or remodeling other property in which *537 she only had an undivided interest she might have been able to derive a monthly income which, if she had been able to collect, would have been sufficient to take care of most, if not all, of her reasonable and necessary living expenses. The properties which plaintiff’s mother owned, or in which she had an interest, and the value thereof are described and set forth in findings 3 to 6, inclusive.
The proof shows that prior to the depression and the economical conditions existing thereafter, insofar as they affected property of the type described, the properties yielded an income which was sufficient for the support of plaintiff’s mother, but that in recent years and during the periods of the claim here involved great difficulty was experienced both in renting the property and in collecting rents. The proof further shows that none of the real property in which plaintiff’s mother had an interest could have been sold advantageously without incurring financial sacrifices. Moreover, plaintiff’s mother only owned an undivided interest’ in most of the real property; and the defendant’s contention, in connection with which it introduced some testimony that if plaintiff’s mother or the plaintiff, who looked after the; interests of his mother, had pursued a different business policy-in selling some of the properties and in remodeling, repairing, and improving the others, such policy would have produced the asserted theoretical results, does not carry much force.
The proof does not show and there is no contention that the-properties in which plaintiff’s mother had an interest were deliberately handled by the mother, or by plaintiff as her representative, in such a way as to show her dependency upon1 plaintiff for her chief support. They did the best they could with the properties as they were handled and managed. The statute does not require that the officer’s mother exercise' the highest degree of skill in handling or administering her-property interests, and the court will not inquire into the matter. Nor will the court, in determining the fact as to whether, during the periods involved, the mother was dependent upon her son for her chief support, base its decision of this-fact upon what some real-estate dealer might think he could have done with the property as a whole in the way of increas *538 ing the income therefrom by decreasing the property and investing the proceeds in improvement of the balance. This would be only conjectural and no comparable instance where such a policy was successfully carried out is proven. Tomlinson v. United States, 66 C. Cls. 697; Bradley v. United States, 74 C. Cls. 521; Freeland v. United States, 74 C. Cls. 471, 476, 477; Updegraff v. United States, 75 C. Cls. 508, 532.
The proof shows that during the years 1933 to 1935, inclusive, the total income received from the property interests of plaintiff’s mother was from $100 to $150 a year less than the amounts expended and necessary to be expended thereon for upkeep, repairs, taxes, and interest, and that during the years 1936 to 1938, inclusive, the net income received by plaintiff’s mother from her interests in the properties was $50 or less a year.
Prior to 1933 plaintiff made regular contributions to his mother which constituted her chief support and since October 8,1933, the beginning of the periods involved in this suit, plaintiff has regularly contributed at least $100 a month to his mother for her support, which contributions, were her sole source of income, except for the small income she at times received during the years 1936, 1937, and 1938 from her property interests as above stated. It is clear from the facts and circumstances described by the record that she was in fact dependent upon plaintiff for her chief support within the meaning of the applicable statutes.
The next question is whether plaintiff is entitled to recover the full statutory allowance authorized by law for an officer of his rank in lieu of government quarters adequate for himself and his dependent mother. No adequate government quarters for himself and his mother were furnished or were available. But defendant contends that since the plaintiff while assigned to active duty with the Civilian Conservation Corps occupied quarters of the sort described in finding 9 there should for that reason be deducted from the fixed statutory allowance in lieu of quarters for an officer of plaintiff’s rank with a dependent the amount of $981.93 less $85 expended by plaintiff in connection with the shelter occupied by him as set forth in finding 9 (1) and judgment entered in his favor for only $3,029.41 if it is found that his mother was *539 dependent upon Mm for her chief support during the periods involved.
The record shows that plaintiff was not furnished quarters adequate for himself and his dependent mother, or adequate quarters for an officer of his rank without a dependent, and that the total of the statutory allowances in lieu of such quarters during the periods of the claim is $3,926.34. (See finding 9.) We are of opinion that plaintiff is therefore entitled to recover this amount in full without any deduction.
Judgment will therefore be entered in favor of plaintiff for $3,926.34. It is so ordered.
Madden, Judge; Jones, Judge; and WhitakeR, Judge, •concur.